## JOHN MCNAMARA V. AUGUST MEUNSCH.

(Case No. 5589.)

1. TRESPASS TO TRY TITLE—BURDEN OF PROOF—When the defendant, in an action of trespass to try title, asserts title to any part of the land claimed by plaintiff, or relies upon the plea of "not guilty," it is necessary for the plaintiff to show that his title extends to the land claimed in his pleadings; and, having done this, he is entitled to a judgment, unless superior title in the defendant in some way be shown.

2. SAME—It is incumbent upon the defendant to prove such facts as may exist which will disprove the evidence of title offered by the plaintiff. Deeds being offered by the plaintiff, which apparently convey to him the land claimed in his petition, he is entitled to judgment in the absence of proof by the defendant.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

This was an action of trespass to try title brought by the appellant to recover two hundred and fifteen acres described in his petition as follows: "A part of the Gregoria Basques seven league grant, beginning at the southwest corner of a tract of one hundred acres of land, sold to W. P. Barron; thence north sixty-two east fifteen hundred and ninety-four varas to stake in prairie; thence south twenty-eight east

seven hundred and sixty-one varas to stake ; thence south sixty-two west fifteen hundred and ninety-four varas to stake ; thence north twenty-eight west seven hundred and sixty-one varas to the beginning corner, containing two hundred and fifteen acres."

One of the deeds offered by plaintiff, in support of his title, contained the following description : "A part of the Gregoria Basques survey, beginning at the southwest corner of a tract of one hundred acres heretofore sold by us to W. P. Barron ; thence south twenty-eight east seven hundred and sixty-one varas to a stake in the north line of the tract sold to G. Ebner ; thence north sixty-two east fourteen hundred and eighty-three varas to a stake in prairie for corner ; thence north twenty-eight west seven hundred and sixty-one varas to stake for corner ; thence south sixty-two west fourteen hundred and eighty-three varas to the place of beginning."

The defendant disclaimed as to part of the land described in the petition, and as to the remainder, pleaded not guilty, and specially denied that the land claimed by him was covered by the description in the petition. The defendant's answer also contained allegations of title in himself and plea in reconvention, a claim for improvements, an admission that the parties claimed from the same source, and alleged facts constituting an estoppel against the plaintiff. The evidence in the case consisted of two deeds offered by the plaintiff, purporting to convey the land to him. The court charged the jury that "the only issue in this case is whether the strip of land in controversy, claimed by defendant, is included within the boundaries of plaintiff's deeds ; the burden of proof in such case would devolve upon the plaintiff to show that said strip of land in controversy is embraced within the boundaries of his deeds " The trial resulted in a verdict and judgment for defendant.

*Goodrich and Clarkson,* for appellant, cited: R. S., arts. 4786, 4794, 4808 ; Stroud *v.* Springfield, 28 Tex., 673 ; Echols *v.* McKee, 60 Tex., 41 ; Dalby *v.* Booth, 16 Tex., 564 ; Stafford *v.* King, 30 Tex., 257 ; Booth *v.* Upshur, 26 Tex., 64.

*J. N. Wharton* and *Martin and Dickenson,* for appellee, cited : Echols *v.* McKee, 60 Tex., 41 ; R. S., arts. 4792, 4794.

STAYTON, ASSOCIATE JUSTICE.—The two deeds offered in evidence purport to convey to the plaintiff the land described in his petition, and this, coupled with the admission of common source of title, in the absence of some evidence tending to show superior right in the defend-

ant to the particular tract claimed by him in his pleadings, required a finding in favor of the plaintiff. It is true that it is necessary to show that the title of a plaintiff extends to the land claimed in his pleadings, when a defendant asserts title to any part of the land so claimed or relies upon the plea of "not guilty," but, when this is shown, the plaintiff is entitled to a judgment, unless superior title in the defendant in some way be shown.

If the call for distance from the southwest corner of the Barron tract to a stake on the north line of the Ebner tract, as called for in the deed offered in evidence, be not correct, and facts exist which would make the call for the Ebner line the controlling call, this fact should have been shown by the defendant. From the record before us, there is nothing to show that the plaintiff has not perfect title to every foot of land described in his petition. He exhibited deeds from one admitted to be the common source of title, which conveyed to him the land claimed in his petition; unless there be some fact not shown, that will control the effect which would ordinarily be given to the calls in the deeds. The defendant made no proof, whatever, and, under the charge of the court, there should have been a verdict and judgment for the plaintiff.

Without some proof as to the true position of the Ebner tract, it is impossible to tell whether there is any conflict in the claims of the parties. The court below should have granted a new trial, and, for failure to do so, the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 16, 1886.]