## T. L. ODOM v. J. F. WOODWARD.
### No. 6181.

**1. Evidence.**—In determining whether one claiming land which was located by virtue of a headright certificate issued to the heirs of the deceased was an heir, evidence that the claimant had defrayed the expenses incident to locating the certificate is inadmissible.

**2. Evidence.**—One claiming land as an heir under a legislative act granting the land to the heirs of a deceased emigrant may in a suit for the land involving the question of heirship show by parol that the legislative grant was made on the petition of such claimant.

**3. Charge of Court—Assignment of Errors.**—Error can not be assigned on the omission of the court to give even a proper charge. The omission can be cured only by asking a charge on the matter omitted.

**4. Burden of Proof.**—The rule that the burden of proof rests on a plaintiff and never shifts relates to the entire case, but not to every contention in it; thus the plaintiff claiming a right as the sole heir of his father by a marriage clearly proved rests his case, it is incumbent on the defendant who claims as heir of a former marriage to show by preponderance of evidence such former marriage and his heirship under it.

**5. Conflicting Testimony.**—In determining conflicting claims to heirship fifty years after descent cast, and which were based on the claim of plaintiff claiming under one who asserted sole heirship in herself, and defendants claiming under those alleged to be the issue of a former marriage, there was evidence to sustain each claim, though no such convincing evidence in favor of either party as would be ordinarily found in establishing an event of more recent date. *Held,* the fact that the claimant as sole heir had thirty years before sought and obtained the legislative grant to the heirs of the

decedent on her open and public assertion of her sole heirship was admissible and entitled to consideration.

APPEAL from Runnels. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Mays & Wright* and *Timmins & Fisher*, for appellant. — 1. Where a party claims land by inheritance and it has been shown that he and those acting with him had in their possession the certificate by virtue of which the land was located prior to its location, as also the patent after it was issued, evidence that such party paid the expenses of locating the certificate is admissible as a circumstance tending to show at least that such party was at that time claiming and asserting his right to such land as such heir, and in the case at bar was relevant testimony. Newby v. Haltaman, 43 Texas, 317.

2. The court erred in excluding the evidence of witness Hammack as appears by defendant's bill of exceptions No. 5, wherein he testifies: "I have frequently heard Solomon Friley, son of Hiram Friley, say that his father said that he did not know whether or not he was the father of Julia Childress, but that he had as good an opportunity to be her father as any one else. She was generally recognized as the illegitimate daughter of Hiram Friley." The evidence excluded was admissible as a circumstance tending to establish the fact that Solomon Friley was the son of Hiram Friley and that Julia Childress was not the daughter of Hiram Friley. Wise v. Wynn, 59 Miss., 588; Elliott v. Peirsol, 1 Pet.; 328; 1 Greenl., 103, 106.

3. The declarations of a deceased person are admissible to prove where he came from or from what State or country he emigrated. 1 Greenl. Ev., 104, note 1; Shields v. Boucher, 1 De Gex & Smale, 40; Wise v. Wynn, 59 Miss., 588.

4. Where a party who claims land by inheritance from his deceased father, and it has been shown that he was in possession of the certificate by virtue of which the land was located after the death of his father and contracted for its location, and such party also is dead, a declaration made in his lifetime in which he claimed to own the land or an interest therein is admissible as a circumstance tending to identify him as the party who had the land located and as the rightful son and heir of such deceased father. Newby v. Haltaman, 43 Texas, 317.

5. The court erred in admitting over the objections of defendant the testimony of witnesses Craddock and Julia Childress as shown by defendant's bill of exceptions No. 8, wherein they testify that Julia Childress obtained as the sole heir of Hiram Friley a certificate for a league and labor of land.

6. The law presumes that the marital relation once proven to exist

continues, and the burden was on the appellee to prove in this case its discontinuance.   1 Greenl., sec. 41.

7.   After marriage being proven the law presumes children of such marriage to be legitimate, and the burden of proof was not on appellant by a preponderance of evidence to prove the legitimacy of Solomon and Elizabeth Friley.   1 Greenl., sec. 28; Egbert v. Greenwalt, 44 Mich., 245; Patterson v. Gains, 8 How., 550.

*J. O. Woodward* and *H. T. Sims*, for appellee.—If the certificate by virtue of which the land here in question was located and patented was granted by the State of Texas upon the application of said Julia Childress as the sole heir of Hiram Friley, deceased, and the moving consideration was by reason of the fact that said Hiram Friley as a citizen colonist, head of a family consisting of himself, his child said Julia, now Julia Childress, and her mother only, and they resided in Texas as such family prior to the independence of Texas in 1836, and the certificate was intended for said Julia Childress as such child and heir, she would take the certificate and land when located and patented, to the exclusion of all aliens residing in Mississippi prior to Texas independence.   Yates v. Houston, 3 Texas, 433–456; Babb v. Carroll, 21 Texas, 765–772; Hornsby v. Bacon, 20 Texas, 556–559.

HENRY, ASSOCIATE JUSTICE.—The defendant in error instituted this suit to try title to a league and labor of land lying in Runnels County, patented to the heirs of Hiram Friley.

Plaintiff claimed title to the whole through Julia Childress as the sole heir of said Hiram Friley.

Defendant claimed under conveyances coming through two children of the said Hiram by a different wife.

The date of Hiram Friley's emigration to Texas, as well as his death, is uncertain.   It may be assumed with some certainty that he was here as early as 1828 and died before 1837.

The certificate by virtue of which the land was located was granted to the heirs of Hiram Friley by an act of the Legislature of this State passed February 7, 1853, upon the petition of Julia Childress, alleging that she was the only heir of the said Hiram.

The defendants introduced through deposition of an aged witness in Mississippi declarations of deceased relations of Hiram Friley to the effect that before coming to Texas he was married to the mother of the two children under whom defendants claim; that they were his children by her; that the mother and one of the children came with him to Texas and subsequently returned to Mississippi, and that such wife died after her return, leaving surviving her said two children.   Just when she died is not stated.

Plaintiff introduced evidence that Hiram Friley and the mother of Julia Childress were husband and wife in Texas, and that both died here, leaving her their only child.

The date or place of Friley's marriage to either woman is not stated. Attached to the petition of Mrs. Childress to the Legislature were four affidavits with regard to Friley's residence in Texas and his having a wife and one young child. Three of these witnesses do not identify Mrs. Childress as such child; the fourth one does.

The documentary evidence introduced shows that the certificate under which the land was located was granted by the Legislature by a special act to the heirs of Hiram Friley at the petition of Julia Childress, alleging that she was the only heir of Hiram Friley. The decisive question made by the evidence is whether the mother of Julia Childress or the mother of the vendors of the defendants was the wife of Hiram Friley.

Legitimate evidence was introduced by both parties which uncontradicted would ordinarily, standing by itself, be sufficient to sustain the case of each, without being conclusive or entirely satisfactory upon the part of either when disputed by the other. The jury having found for plaintiff on the theory that Mrs. Childress was the sole heir their verdict must stand unless errors that may have influenced that result are shown to have occurred during the trial.

The first four assignments of error insisted upon by appellants relate to the exclusion of evidence contained in depositions of defendant's witnesses. The excluded evidence was as sollows: Mrs. E. M. Boyd stated that she knew the land certificate was located by Soloman Friley through letters from him to her husband, and that her husband paid his share of the expense of locating said certificate; that she knew Hiram Friley had a headright claim for a league and labor of land in Texas, which was located about thirty years ago by his son Solomon Friley for the benefit of himself and her husband, Charles W. Boyd, sole heirs of said Hiram Friley; this she knew from general family history and correspondence between her husband and Solomon Friley and from her husband sending money to Solomon Friley to pay his part of the expenses.

Part of this evidence was properly excluded because it showed there was better evidence of the facts to which it related; other parts were ex-excluded because they were statements of the opinions or conclusions of the witness and not a detail of facts; and other parts are inadmissible hearsay testimony.

The facts about the grant and its location are incontrovertibly proved by other evidence in the record.

The payment by the husband and brother of the witness of the expense of locating the certificate does not establish or tend to establish that their mother was the wife of Hiram Friley or that they were his descendants,

nor do they tend to prove that the mother of Mrs. Childress was not her father's wife.

The court excluded the evidence of another witness by whom defendant offered to prove he had heard it generally reported that the mother of Mrs. Childress was not the wife of Hiram Friley. Evidence of the same witness was offered to prove some things that he had frequently heard Solomon Friley say that his father said about Julia Childress with regard to her paternity, not at all affecting that or her legitimacy, and utterly irrelevant and unimportant.

It was proposed to prove by another witness that Solomon Friley claimed to have emigrated to Texas from Yazoo County, Mississippi, and also that he claimed a one-third interest in a league and labor of land located by virtue of his father's headright. There is nothing in the case to make the county from which Solomon Friley emigrated to Texas material. If it was material and proof of that fact would establish or tend to establish his title to the land the fact could not even then be proved by his own statements to that effect. It is useless to say that his claiming a third interest in this land as being the headright of his father can not be received as evidence of title in him.

All of the evidence was correctly excluded.

The court permitted Julia Childress and another witness to testify that she "obtained the land by a relief bill of the Legislature granted upon her petition to that body." This evidence was objected to by defendant, and its admission is assigned as error. The same facts were proved by uncontroverted record evidence, and if this testimony was improper it can not be considered as having tended to improperly influence the result. We think, however, it was properly admitted, if for no other purpose to identify her as the person who made the petition to the Legislature. While it was not necessary in the absence of a dispute over her identity to do that there was no harm in it.

The sixth assignment complains that "the court erred in not submitting in his charge to the jury the right of Solomon Friley to inherit as a child of the half-blood of the community estate of Hiram Friley and wife." There is nothing in the record for such a charge to properly apply to. If the charge had been proper and the court had omitted it the proper thing for appellant to have done would then have been to request it. If the court gives an improper charge error may be assigned on it. Error can not be assigned on the omission to give even a proper charge. That can be reached only by calling the court's attention to the omission by requesting a proper charge, which it is presumed will be given when requested, or if it is not the refusal will properly be assigned as error.

The seventh assignment is as follows: "The court erred in section 6 of his charge to the jury wherein he instructs them as follows: 'The burden of proof is on the plaintiff to establish by a preponderance of evi-

dence the fact that Julia Childress was a legitimate child of Hiram Friley, and when he has done so it devolves upon defendant to prove also by a preponderance of evidence that Solomon and Elizabeth, one or both, were also his legitimate children, and in the case of Elizabeth also that the Boyds, who made the deed to defendant, were her heirs and that she is dead.'"

The objection urged to this charge is that the evidence shows that Hiram Friley was married to Elizabeth Smith before his emigration to Texas; that the law presumes marital relations once established to continue and children of such marriage to be legitimate, and that the burden of proof was on appellee by a preponderance of evidence to prove the discontinuance of said married relation and the illegitimacy of Solomon and Elizabeth Friley. If the fact of such marriage was admitted or established there is no doubt about the correctness of the presumptions contended for. The burden of proof was on the plaintiff and never shifted.

But while plaintiff, to recover the whole of the land as he did, was required to prove that Julia Childress was the legitimate child and only heir of her father, he was not required to negatively show by evidence directly applicable to Solomon Friley and his sister Elizabeth that they were not born of a lawful previous marriage of their father.

If plaintiff in making out his own case had introduced sufficient evidence of the sole heirship of Julia Childress to establish his case, without mentioning other children or a former marriage, then in order to defeat the case so made it was incumbent on defendants to introduce evidence of a prior marriage and children born of it, and on that issue the evidence of the existence of such former marriage and children ought to outweigh the evidence against it.

The charge relates to two questions only, and does not refer to or change the burden of proof on the whole case.

In another part of the charge the jury were directed to return a verdict for plaintiff for the whole of the land if the evidence showed that Julia Childress was the legitimate child and sole heir of Hiram Friley. The effect of this was to place on him the burden of proof of the whole case. The rule that the burden of proof rests on the plaintiff relates to the entire case but not to every contention in it.

The eighth assignment is as follows: "The verdict of the jury is contrary to the evidence, insomuch that it finds that Elizabeth Boyd and Solomon Friley were not the sole heirs of Hiram Friley, and insomuch as it finds in favor of plaintiff against defendant."

As we have said, the proof on each side was of much the same character and not necessarily conclusive. It was in the nature of the issue for either side to have produced more direct and more convincing evidence than was tendered. At least such ordinarily would be expected. The fifty years that had elapsed at the date of the trial since the events in-

quired about had occurred had cast so much obscurity over the facts that probably no weigntier evidence was obtainable. While the other evidence was sufficient to sustain the verdict of the jury, we think the facts that more than thirty years before this trial, and twenty years nearer the occurrence of the events, when many witnesses since dead must have been living, it was Mrs. Childress who sought and obtained the certificate upon her open and public assertion that she was her father's only heir, ought not to be without weight now. The judgment is affirmed.

*Affirmed.*

Delivered May 14, 1889.