C. W. Taylor et al. v. Parmelia J. Stephens et al.

Delivered October 16, 1897.

**Judgment for Tort—Execution—Husband and Wife—Separate Estate.**

An execution on a judgment against husband and wife in favor of a cotenant for rents of land of which he had been deprived by a wrongful ouster may be levied on the separate estate of the wife, although the judgment does not specifically award execution against such estate, as the judgment is for tort, and may follow the usual form of judgment against tort-feasors.

Appeal from Bosque. Tried below before Hon. J. M. Hall.

*Davis & McCoy,* for appellants.—The judgment of August 29, 1895, having authorized execution to issue against Stephens and wife, and having been affirmed by the Court of Civil Appeals, authorized the seizure and sale under execution issued thereon of the property of Parmelia Stephens, just as much as it did the seizure and sale of that of W. C. Stephens. Howard v. North, 5 Texas, 299, 300.

*S. H. Lumpkin,* for appellees.

STEPHENS, Associate Justice.—C. W. Taylor and wife recovered judgment for an undivided interest in a 640-acres tract of land, and also for rents, against W. C. Stephens and wife, which was affirmed by this court. Stephens v. Taylor, 36 S. W. Rep., 1083.

The petition upon which the recovery for rents was had in general terms alleged against Stephens and wife an ouster of Taylor and wife as tenants in common, and an appropriation of the rents and profits to which Taylor and wife were entitled, praying in general terms for the recovery thereof, but without seeking to have a decree specifically subjecting the separate property of Parmelia J. Stephens, the wife of W. C. Stephens, to execution. The judgment followed the petition, and awarded execution against them generally.

In affirming that judgment, an objection thereto in behalf of Parmelia J. Stephens was thus disposed of in the opinion: "It did not award execution against her separate estate, and hence was not to her prejudice."

After the judgment was thus affirmed, execution was taken out and levied upon lands which stood in the name of Parmelia J. Stephens as her separate property. This suit was brought to enjoin the sale of these lands, and the injunction was made perpetual by the learned special judge who tried the case, doubtless upon the ground that the opinion of this court had construed the judgment upon which the execution issued as not authorizing a levy upon the separate property of Parmelia J. Stephens.

From the judgment perpetuating the injunction Taylor and wife now appeal, and insist that the original judgment against Stephens and wife affirmed by this court, notwithstanding any expression to the contrary in the opinion then filed, authorized the levy of execution upon the separate

estate of Parmelia J. Stephens; citing in support of this contention the case of Howard v. North, 5 Texas, 291, in which Chief Justice Hemphill, after discussing the question, expressed the opinion that "where judgment is recovered against husband and wife jointly, without any specific directions in the decree as to the estate out of which it is to be satisfied, it would seem, as a general rule, it may be levied upon and be satisfied out of the property of either the husband or wife or of the community."

That was a case in which the separate property of the wife had been sold under a judgment for damages recovered against the husband and wife on the ground of fraud perpetrated by them in the sale of the wife's separate property. The judgment was rendered and the sale made before the enactment of the statute which requires a judgment enforcing the limited contractual liability of the wife to specifically direct execution against her separate estate. Hartl. Dig., arts. 2423, 2424; Pasch. Dig., arts. 4642-4644; Rev. Stats., art. 2971.

Though the opinion approved the judgment as being sufficient, without specific directions, to authorize the execution, it was held upon other grounds that no title passed by the sale; and the judgment in favor of the purchaser was reversed and the cause remanded. The case itself, then, does not seem to be decisive of the question at issue; but the opinion seems to have been carefully considered, and to have long stood unchallenged, and doubtless titles to real estate have been acquired upon the faith of it.

The question is one upon which the authorities elsewhere seem to be in conflict. Woodfolk v. Lyon (Tenn.), 39 S. W. Rep., 227, and cases there cited; Griffith v. Clarke, 18 Md., 457; White v. Lumber Co., 29 W. Va., 385; Lee v. Royall, 68 Ala., 354; McCurdy v. Bangham, 43 Ohio St., 78, and cases there reviewed; Freem. on Judg., sec. 150; Black on Judg., secs. 188, 191.

It is held in this State that the separate property of the wife is liable for her torts, though the statute above cited only applies to contractual obligations. McQueen v. Fulgham, 27 Texas, 467; Zeliff v. Jennings, 61 Texas, 458; Crawford v. Daggett, 82 Texas, 140.

It would seem, then, that as a recovery of damages to compensate for the use and occupation of land of which the owner has been deprived by a wrongful ouster by a cotenant is for tort, the judgment against a married woman, equally guilty with her husband of the wrong, might follow the usual form of judgments against joint tort-feasors, though the statute in question be exclusive of every other method of reaching her separate estate when the liability is merely contractual, and hence limited.

We conclude that so much of our former opinion as is quoted above was erroneous, and hence that the judgment now appealed from was erroneous. It will therefore be reversed, and judgment here rendered dissolving the injunction and dismissing the suit.

*Reversed and rendered.*

Writ of error refused.