## E. W. MILLSAP V. W. F. PEOPLES ET AL.

No. 4609.   Decided November 24, 1926.
(288 S. W., 181).

### 1.—Community Property—Surviving Wife—Judgment—Execution Sale.

A sale under execution issued on a judgment against the surviving wife individually, for a community debt for which she had given her personal note, though rendered after she had qualified as community survivor, passed only her individual interest in the estate, not the entire title of the community.   (P. 182).

### 2.—Same—Presumption.

The presumption sometimes indulged in aid of the description or identity of the property conveyed in voluntary sales has no application to involuntary ones.   (P. 182).

Question certified from the Court of Civil Appeals for the Eleventh District, in an appeal from Taylor County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for its opinion thereon, which is adopted and certified as the answer of the court.

*Wagstaff, Harwell & Wagstaff,* for appellant.

A judgment rendered against a surviving wife, obtained in a suit upon a community debt, which is begun after the husband's death, is binding upon the community property, and this though the heirs of the husband are not made parties, and the pleadings in the case fail to allege that the claim is for a community debt.   Though the judgment is against the wife alone, a levy and sale of community property passes the title; and the Sheriff's deed conveying the right, title, interest and claim of the surviving wife passes to the purchaser the right and title which had vested in the community.   Carter v. Conner, 60 Texas, 52.

Upon the termination of a community status by the death of the husband, the surviving wife succeeds to the same powers and duties that the husband would have upon her death; and in suits by or against her, after the death of her husband, she

is in the same position as a community survivor as her husband would be, the law making no distinction as to sexes in rights and duties of a community survivor. White v. Waco Building Assn., 31 S. W., 58; Carter v. Conner, 60 Texas, 52.

*Moffett & York,* and *Dallas Scarborough,* for appellees.

A judgment against a surviving wife alone in her individual capacity, and the levy upon and sale of property as her property only, under said judgment, and said constable's deed thereunder, conveys to the purchaser only the title and interest of said surviving wife in and to said property, and does not convey or pass to the purchaser the title of the community interest therein. Whitmire v. Farmers' Natl. Bank of Hillsboro, 97 S. W., 512; Vela v. Guerra, 76 Texas, 595; Rev. Stats., Arts. 3593, 3594, 3609; Hurst v. Crawford, 216 S. W. 284; Speer on Married Women, 830, par. 614; Simkins on Community Administration, 518; Brown v. Adams, 55 S. W., 761; Wingfield v. Hackney, 95 Texas, 490.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The following certificate is before us from the Eleventh Supreme Judicial District:

"At a former day of the present term, the above styled and numbered cause was affirmed, thereafter motion for rehearing was overruled. An opinion was handed down overruling the motion for rehearing, in which opinion additional matters urged in the motion for rehearing were discussed for the first time. Thereafter the appellant sought and obtained leave to file second motion for rehearing, which is now pending. The proper decision of the case appears to this Court to be a question of considerable difficulty and on account of what appears to us to be some inconsistencies in the cases bearing on the question decided and because we are unable to find where the precise point has ever been directly involved in an appeal in this State, we have decided to certify to your honors the question hereinafter propounded. The facts are undisputed that the property in controversy was, prior to R. L. Lockley's death, the community property of himself and wife, Lou Lockley. After Lockley's death and before any administration was had upon his estate, his said surviving wife, Lou Lockley, executed her personal note for a community debt owing by said Lockley at the time of his death. Subsequent to the execution of this note,

Mrs. Lockley duly qualified as community administrator or survivor. Thereafter the holder of the note so given by Mrs. Lockley brought suit against her in her individual capacity only and obtained an individual judgment against her. Execution duly issued on this judgment and was levied upon the property in controversy and an execution sale followed purporting to convey the entire property as the property of Mrs. Lockley. The appellant purchased at said execution sale and then brought this suit in trespass to try title against appellee, who claimed under a .deed from the surviving children of R. L. Lockley. On the trial the appellant proved that the judgment against Mrs. Lockley was rendered for a community debt and after she had qualified.

"The trial court held that only the individual interest of Mrs. Lockley passed under the execution sale, which judgment was affirmed as stated. There is but one question arising under the facts and the pleading and that is: Whether a sale under execution issued on a judgment against the surviving wife individually for a community debt, which judgment was rendered after she had qualified as community survivor, passes the entire title of the community to the property levied upon, or whether such sale passes only the individual interest of the survivor against whom such judgment is rendered?"

The sale under execution against Mrs. Lockley individually passed only her title to the property. It did not affect the interest of others in the same, although she was at the date of the judgment the duly qualified community survivor. The survivor as an individual is a stranger to the estate. As an individual she is a separate juristic person from the legal representative of the estate. Either may be sued according to the liability asserted, and each must be sued in the capacity in which she is liable. Speer's Marital Rights, Sec. 586. The representative of the estate not having been sued, the estate was not, of course, before the court, and the judgment being against Mrs. Lockley individually, only property belonging to her individually could be taken in satisfaction. The sale did not purport to convey anything more. The case is not helped by any character of presumption as to the estate intended to be conveyed. In voluntary sales a presumption is sometimes indulged in aid of the description or identity of the property conveyed, based upon the supposed intention of the grantor. But this rule has no application to involuntary sales where the owner intends nothing with respect to the matter. The law in such a case acts in hostility to the owner and no presumptions of intention can

be summoned in aid or enlargement of the otherwise defective or insufficient instrument.   Herman v. Likens, 90 Texas, 448, 39 S. W., 282.

We recommend the question be answered as indicated.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.