**STRAUS v. SHAMBLIN et al.**

No. 4931.

Court of Civil Appeals of Texas. Amarillo.

Oct. 10, 1938.

Rehearing Denied Oct. 31, 1938.

Second Motion for Rehearing Denied
Nov. 12, 1938.

Gibson & Sutton, of Amarillo, for appellant.

W. S. Birge, of Amarillo, for appellees.

FOLLEY, Justice.

This is a trespass to try title suit filed June 18, 1936 by the appellees, W. M. Shamblin and Margaret N. Shamblin, husband and wife, and W. S. Birge, against the appellant, Leo R. Straus, involving Tract No. 4 of the McKinstry, Gilvin and Williams Addition to the City of Amarillo, Potter County, Texas, and other property not the subject of this appeal. The appellees alleged that the appellee Birge owned an undivided one-third interest in the land, and the Shamblins owned the remaining two-thirds interest. They further alleged that the appellees and appellant claimed under a common source of title, to-wit, the Amarillo National Bank.

In the trial the parties agreed that such bank was the common source of title. The appellant answered by a plea of not guilty. The cause was submitted to the court without a jury, and the court rendered judgment for the appellees, from which judgment the appellant appeals.

On May 1, 1926, the land in controversy was conveyed by deed by the Amarillo National Bank to W. M. Shamblin and wife, but such deed was lost or misplaced and never placed of record. On June 9, 1926, the Shamblins executed a deed of trust upon the property, together with other property, in favor of the Amarillo National Bank, extending a mechanic's lien note dated May 1, 1926. This deed of trust was duly recorded in the deed of trust records of Potter County. On November 19, 1926, the Amarillo National Bank executed a release of this deed of trust, which release was also recorded. Immediately after purchasing the property, the Shamblins erected improvements on the land, consisting mainly of a house and windmill, and moved upon the premises. In April, 1928, they designated the premises as their homestead, which designation was duly recorded in the deed records of Potter County. Some time in the year 1928 the house was destroyed by fire, leaving the property vacant. On August 18, 1930, the Shamblins deeded a one-third undivided interest in the land to W. S. Birge and E. C. Nelson, Jr., said deed being thereupon placed of record. On March 20, 1931, E. C. Nelson, Jr., deeded his interest in the land to W. S. Birge. Although the appellees pleaded that the land still constituted their homestead, no proof was offered in support of such plea. On the other hand, the testimony showed, that at the time of the trial, the Shamblins were non-residents of the state of Texas.

On November 7, 1929, in the county court of Potter County, Texas, in Cause No. 4351, styled E. E. Finklea v. W. M. Shamblin et al., E. E. Finklea recovered judgment in the sum of $477.25 against Mrs W. M. Shamblin upon a note executed by her alone. The judgment recites that citations were issued against each of the Shamblins; that only Mrs. Shamblin was personally served; that the return on the W. M. Shamblin citation indicated that he was a non-resident; and that thereafter service was had upon him by publication. The county court thereupon rendered judgment that E. E. Finklea take

nothing against the defendant W. M. Shamblin, but rendered judgment against Mrs. Shamblin in the amount stated. The judgment further decreed that the plaintiff, E. E. Finklea, have his execution. Shortly after the rendition of this judgment, no appeal having been taken therefrom, execution was issued on the judgment and returned "nulla bona."

On March 2, 1934, an alias execution was issued in Cause No. 4351, and the property herein involved was levied upon as the property of Mrs. W. M. Shamblin. It was advertised for sale by the constable receiving the execution and by him sold to E. E. Finklea on April 3, 1934, the deed for which was executed on April 4, 1934. On January 31, 1935, E. E. Finklea, who was the president of E. E. Finklea, Inc., executed a quit claim deed conveying his interest in the property to E. E. Finklea, Inc. Just prior thereto, on January 18, 1935, for a cash consideration of $100, E. E. Finklea, Inc., secured an instrument of conveyance of the property from the Amarillo National Bank. On June 10, 1935, E. E. Finklea, Inc., conveyed the property by general warranty deed to the appellant, Leo R. Straus, for a stated consideration of $400.

The appellant Straus is claiming title to this property, both by reason of the instrument of January 18, 1935 from the Amarillo National Bank to his grantor, E. E. Finklea, Inc., and by the execution sale to his grantor in Cause No. 4351 in the county court of Potter County.

■ The claim based on the instrument from the bank hinges largely on the determination of whether such instrument was a deed conveying the land or merely a quit claim conveying whatever interest the bank had at the time, in other words, a mere chance at title. We think the authorities are in accord on the proposition that the holder of a title in which there appears a quitclaim deed may not assert the claim of an innocent purchaser as against an outstanding title or secret trust or equity existing when the quitclaim deed was executed. Houston Oil Co. of Texas et al. v. Niles et al., Tex.Com.App., 255 S.W. 604. In the case of Threadgill v. Bickerstaff et al., 87 Tex. 520, 29 S.W. 757, on the question of the effect of a quitclaim deed on a prior unrecorded deed, Justice Brown, speaking for the Supreme Court of Texas, said [page 758]: "The instrument must be held to be a quitclaim

deed, and that the defendant, claiming title through it, occupies no better position than his grantor. He is charged, by the character of the deed under which he holds, with notice of the unrecorded instrument under which plaintiffs claim title."

This being the law, if the instrument in question was a mere quitclaim, the appellant is in no position to assert any rights as a bona fide purchaser, but, on the other hand, was charged with the knowledge of the prior unrecorded deed of the Shamblins.

In order to determine the status of the instrument in question, we here quote such portions thereof as are pertinent to this issue:

"That the Amarillo National Bank of Amarillo, Texas, a national banking corporation, * * * * * does by these presents, bargain, sell, release and forever quitclaim unto the said E. E. Finklea, Inc., heirs and assigns, all of its right, title and interest in and to that certain tract or parcel of land, lying and being situated in Potter County, Texas, and described as follows, to-wit: (Here follows description of land.)

"To have and to hold the said premises together with all and singular, the rights, privileges and appurtenances thereto in any manner belonging unto the said E. E. Finklea, Inc., his heirs and assigns forever, so that neither the grantor herein, nor any person, or persons, claiming under it, shall, at any time hereafter, have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof."

■ We think the rule of construction of an instrument to determine whether it is a deed or merely a quitclaim is well stated in 14 Tex.Jur. 763, 764, in the following language: "The character of an instrument as constituting a deed or merely a quitclaim is to be determined according to whether it assumes to convey the property described, and upon its face has that effect, or merely professes to assign the grantor's title. If, according to the face of the instrument, its operation is to convey the property, it is a deed. On the other hand, if it purports to transfer no more than the title of the grantor, it is only a quitclaim."

■ Viewing the instrument in question in the light of the authorities on the

subject, we are of the opinion that it was no more than a quitclaim deed. Since the bank had theretofore divested itself of all its interest in the land by its deed to the Shamblins, nothing passed from the bank to E. E. Finklea, Inc., in its quitclaim deed, and the appellant got no better title than his grantor had. We, therefore, think the trial court was correct in denying the appellant any recovery under this quitclaim deed. Cook et al. v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Richardson et al. v. Levi et al., 67 Tex. 359, 3 S.W. 444; Winningham v. Dyo et al., Tex.Com.App., 48 S.W.2d 600; Houston Oil Co. of Texas et al. v. Niles et al., supra; Threadgill v. Bickerstaff et al., supra.

The claim of the appellant based upon the execution sale in Cause No. 4351 presents a more difficult situation. We have in question a judgment rendered against a married woman without the actual joinder of her husband as a party defendant. The judgment does not purport to reveal the nature of the demand upon Mrs. Shamblin, except that the debt was evidenced by a note which she executed during coverture without the joinder of her husband. Neither the judgment in question nor the record before us warrants any conclusion as to whether the debt involved was one for necessaries or was one incurred by the wife of some other nature. It could have been for either. Regardless of the status of the debt, it has been reduced to a judgment from which there was no appeal or error, and, therefore, it stands unattacked but for this collateral proceeding in trespass to try title.

Every reasonable intendment and presumption, not inconsistent with the record, must be indulged in favor of the validity of a judgment of a trial court. Smith et al. v. Pegram, Tex.Civ.App., 80 S.W.2d 354, writ refused. Although Mrs. Shamblin may have had some valid defense in Cause No. 4351, she did not avail herself of such defense. Upon the effect of such a situation, we quote from the case of Howard v. North, 5 Tex. 290, 297, 51 Am.Dec. 769, as follows:

"The judgment upon which the execution issued, was rendered between the parties to this suit, by a Court of competent jurisdiction, and, as between them and their privies, is conclusive, unless fraudulently obtained. Whether this, or any other defense in abatement, or bar, on the ground of coverture, could have been successfully pleaded in that action, is not now to be considered. They were not pleaded, nor urged at the trial of the cause; nor was a reversal of the judgment sought on these, or other reasons, before an appellate tribunal; and they form no such grounds, as will avoid the force of that judgment, in a collateral action. The acts of femes covert, in pais, may be, and frequently are, void; yet, this does not impair the conclusive force of judgments to which they are parties; and if they be not reversed, on error or appeal, their effects cannot be gainsaid, when they are enforced by ultimate process, or where they are brought to bear on their rights, in any future controversy."

Another very elaborate discussion on the question of erroneous judgments against married women is found in Speer's "Law of Marital Rights in Texas" 3rd Ed., 707, para. 576, in the following language: "A judgment against a married woman, if not void for some reason, may be in fact erroneous, because not predicated on a demand for which she could be held liable under the statute, or because the cause of action has been satisfied, and yet such judgment, as such, be perfectly regular and enforceable. It is simply erroneous, and subject to be set aside by proper review, even where the same may be a default judgment. Such judgments do not carry upon their face their own invalidity. The wife, within certain prescribed limits, is a proper juristic person, as capable of binding herself and estate as any other person who is in all respects sui juris. There is little analogy between the common-law rule upon this subject and our own. Under the common law, so different from ours in this essential particular, the courts could not render any sort of judgment against her, for the very good reason that in law there was no such person as a wife with power to contract and be sued. She even had no separate individuality. There was no proper juristic person upon whom service could be had, and against whom execution could issue; certainly no judgment could be rendered. With us, however, there is such a person, and the exemption, because of coverture being only partial, is a peculiar defense, which, if not appearing upon the pleadings of the plaintiff, must be pleaded by the defendant herself. In the sense that the common law deemed judg-

ments against married women void for want of a proper defendant upon whom the decrees of the court could operate, our judgments are not void. And we apprehend the true rule to be that the judgment of a court of competent jurisdiction against a married woman properly before it, upon any cause of action, however erroneous or irregular, is final and binding upon her until set aside by a direct proceeding for that purpose, precisely as though she were sole. It may be pleaded as res judicata against her as against any other person; and, as with other persons, its binding force extends to, and concludes her upon all questions which actually were, or might properly have been, litigated in the suit. No distinction is made in her favor over others in this respect."

Article 1984, R.C.S., provides that the husband and wife shall be jointly sued for all debts contracted by the wife for necessaries furnished herself or children and for expenses which may have been incurred by the wife for the benefit of her separate property. Article 1985, R.C.S., provides that the husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband. Article 4620, R.C.S., provides that the community property of the husband and wife shall be liable for their debts contracted during marriage, except in such cases as are expressly excepted by law. Article 4621, R.C.S., provides that the community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract. Article 4623, R.C.S., provides that neither the separate property of the husband nor the community property, other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. Article 4624, R. C.S., provides that if it shall appear to the satisfaction of the court that the debts so contracted were for the purposes enumerated, and also that the debts were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff.

Since it is uncontroverted that the interest of the Shamblins in the property herein involved was the community property of the Shamblins, the appellees contend that the judgment in Cause No. 4351, and all process thereunder, is void and therefore subject to collateral attack because the husband was neither a party to the note nor a defendant in the judgment, and for the further reason that the judgment failed to contain any provision as to what property an execution might be levied upon in satisfaction of the judgment.

In discussing articles 1984 and 1985, supra, we find in 23 Tex.Jur. 364, para. 310, this language:

"These are really statutes of liability. The statutes do not attempt to prescribe the form of judgment to be rendered against a married woman. Where she is liable the award of a recovery in general is proper. The property out of which the judgment is to be satisfied is determined by the law, and may or may not be controlled by the decree.

"* * * A general judgment against a married woman may be satisfied out of any nonexempt property owned by her, whether separate or community. So that, whatever be the character of her liability—whether in contract or tort—a general judgment against a married woman without special direction as to the property to be seized is valid. The liability of the community property for such judgments has been discussed. Such a judgment regular upon its face is not void, even though in fact it is not based upon a real liability; it is then merely erroneous and is valid until vacated or modified in regular course."

In the case of the City of Dallas v. Morris et al., 120 Tex. 181, 36 S.W.2d 702, 703, in answer to certified questions involving the failure of the court to join the husband as a party defendant in violation of the terms of article 1985, Judge Harvey, speaking for the Commission, said:

"The very terms of this statute imply the wife's legal capacity to be sued. The suit contemplated by the statute is essentially against the wife, for it is expressly provided that no personal judgment shall be rendered against the husband. The statute clearly implies the wife's capacity to litigate in her own right. When sued, she is reached directly;

not indirectly through the person of her husband. The husband is made a necessary party to the suit against her; but it is quite evident that the Legislature did not mean, by so providing, to qualify the wife's capacity to litigate, which the statute implies, or to require that a suit brought against her alone be treated as a nullity. As said by our Supreme Court in Cayce v. Powell, 20 Tex. 767, 73 Am. Dec. 211: 'The authority conferred upon a married woman, to litigate 'in her own right, implies the capacity on her part, to conduct the litigation as shall be most conducive to her own advantage. The law has conferred on her the right to litigate; and the right implies the capability.'

"The wife's legal capacity to be sued is the same whether her husband be joined in the suit or not. So, too, is her liability on the claim asserted against her. The statutory requirement that her husband be joined with her in the suit goes merely to the matter of procedure for the establishment and enforcement of her liability. A suit on a separate demand against her, without the husband being joined as a party defendant, is so defective that a judgment rendered therein against the wife would be voidable, perhaps, but the suit is not void."

■ In the case of Carson et al. v. Taylor et ux., 19 Tex.Civ.App. 177, 47 S.W. 395, writ denied, it is held that if the judgment fails to make provision as to the property against which the execution may be levied, that an execution may issue against the property of the wife. It is also held in Leake v. Saunders et al., 126 Tex. 69, 84 S.W.2d 993, that a married woman's contract, which is not made for a purpose specifically authorized by statute, is not void, but merely voidable at the option of such married woman. See, also, Smith et al. v. Pegram, supra, and the authorities therein cited. It is, therefore, our opinion that the judgment in Cause No. 4351 is not void, and the appellees are in no position to attack its validity in the present collateral proceeding. Akin et al. v. First National Bank of Bridgeport et al., Tex.Civ.App., 194 S.W. 610; Focke et al. v. Sterling et al., 18 Tex.Civ.App. 8, 44 S.W. 611; Williams et al. v. Borchers, Tex.Civ.App., 244 S.W. 1053; Walters v. Cantrell et al., Tex. Civ.App., 66 S.W. 790; Love v. McGill, 41 Tex.Civ.App. 471, 91 S.W. 246; Hamlett v. Coates, Tex.Civ.App., 182 S.W. 1144, writ refused; Taylor et al. v. Stephens et al., 17 Tex.Civ.App. 36, 42 S.W. 1048, writ denied; Henson v. Sackville, 2 Tex.Civ.App. 416, 21 S.W. 187; Howard v. North, supra; Best v. Turner et al., 5 Cir., 67 F.2d 786, 90 A.L.R. 129.

■ Having held that such judgment, so far as this record is concerned, is valid, it now becomes necessary for us to determine whether or not the execution sale passed title to any portion of the property involved. There are several irregularities in the procedure. The execution ordered the constable to sell the property of Mrs. Shamblin. The property was levied upon as her property. The return showed a levy upon all of the property as "the land of the defendant." The deed under the execution purports to convey all the interest of both Mr. and Mrs. Shamblin. In Pfeiffer et al. v. Lindsay, 66 Tex. 123, 1 S.W. 264, 265, it is said: "But the sheriff could convey no other property except such as he had sold at execution sale, and he could sell no other except such as he had been ordered to sell." See, also, Lewis v. San Antonio Belt & Terminal Ry. Co., Tex.Civ.App., 208 S.W. 991. Under this theory, it is manifest that no portion of the husband's interest in this property was reached by this execution for the reason that the constable exceeded the authority vested in him by the execution.

■ As far as the wife's interest is concerned, from the authorities upon the subject above cited, we think there is only one condition upon which the interest of the wife might have been reached by the execution, and that is that the judgment was rendered for necessaries. As above stated, the judgment could have been either for necessaries or for some separate debt or demand against the wife other than necessaries. The judgment being silent on this issue, we cannot determine the question from its recitations. Moreover, we cannot determine the issue from the record before us because it is equally silent on the matter. It, therefore, becomes necessary for us to determine whose duty it was to make such showing.

In the trespass to try title action before us we find that the appellees introduced proof showing the execution of a deed

by the Amarillo National Bank conveying the property to the Shamblins. This, together with other evidence, conclusively showed title in the Shamblins. If the testimony had ended there the court would have been authorized to render judgment for the appellees. In other words, they had made out a prima facie case showing title emanating from the common source. As far as the appellees were concerned, the evidence did end at this point. They did not attempt to introduce any of the instruments relied upon by appellant as his source of title, but rested on their prima facie showing. Howard v. Masterson, 77 Tex. 41, 13 S.W. 635. At this point the appellant could not question the deed from the bank to the Shamblins, for to have done so would have destroyed his claim under the execution sale. It is apparent that if no title passed from the bank to the Shamblins, the appellant could assert no title under the execution sale, since such sale was predicated upon whatever interest the Shamblins had derived from the bank. At this stage of the trial, the appellant introduced all of the instruments relative to the execution sale, thereby seeking to repel the prima facie quality of the case made out against him by the appellees. The question then arises, did he discharge such burden of evidence? 22 C.J. 76, para. 21.

The appellant introduced the judgment against Mrs. Shamblin upon which the execution was based, as well as the execution, return and deed of conveyance by the constable. None of these instruments purport to reveal the nature of the demand against Mrs. Shamblin. There is no showing aliunde the record as to what the judgment was for, if such a showing was possible under the law, which question we are not required to pass upon in this case. If such proof was not permissible, the position of the appellant is not improved by such fact, as some showing must appear in the record that the debt was for necessaries in order to warrant an execution sale upon the

community property herein. Millsap v. Peoples et al., 116 Tex. 180, 288 S.W. 181; Crim et al. v. Austin, Banking Com'r, Tex.Com.App., 6 S.W.2d 348. As the proof stood at the conclusion of the trial, it is our opinion that the appellant had not impaired the prima facie case of the appellees. The effect of his proof was nothing more than a showing that a judgment was taken for some sort of a debt. It might have been for necessaries upon which an execution upon the community property might have been legal, or it might have been for a debt not so charging the community property. The rule of presuming the legality of a judgment not invalid on its face will avail us nothing, as the judgment in question could have been legal upon either of two theories, one that it was for necessaries, and the other that it was for a separate debt of the wife of a different character. Such being true, we think the trial court was justified in holding that the appellees had made out a prima facie case which was neither overcome nor affected by the testimony of the appellant due to the uncertainty of the character of the debt involved. Silverman et al. v. Harmon et al., Tex.Civ.App., 250 S.W. 206; Word v. Houston Oil Co. of Texas et al., Tex. Civ.App., 144 S.W. 334, writ denied, and authorities cited; McNamara v. Meunsch, 66 Tex. 68, 17 S.W. 397; Simmons Hardware Co. v. Davis et al., 87 Tex. 146, 27 S.W. 62; Keys v. Mason, 44 Tex. 140; Stephens v. Hix, 38 Tex. 656; Broom et al. v. Pearson et al., Tex.Civ. App., 180 S.W. 895, writ refused; Boswell et al. v. Pannell, 107 Tex. 433, 180 S.W. 593; Odom v. Woodward, 74 Tex. 41, 11 S.W. 925; Duren et al. v. Strong, 53 Tex. 379; Lancaster et al. v. Snider, Tex.Civ.App., 207 S.W. 560; Kellogg et al. v. Southwestern Lumber Co. of New Jersey, Tex.Civ.App., 44 S.W.2d 742, writ refused; Edrington v. Butler et al., Tex. Civ.App., 33 S.W. 143.

Finding no reversible error in the record, the judgment is affirmed.