## HARRIET E. SMITH v. HENRY GILLUM ET AL.

### No. 3024.

1.   **Proof of Act of Sale Made in Louisiana for Land in Texas.** — In proof of an act of sale made January 5, 1837, by Asahel Savery to Albert Emanuel for land in Texas granted to Savery by title April 13, 1835, parties holding through Emanuel produced in evidence (the conveyance having been attacked as a forgery) two copies, one made February 6, 1837 the other June 14, 1886—the latter as an authenticated copy and as an examined copy of a record of a public officer in another State.   It was shown that the notary before whom the act of sale was made and the witnesses were dead.   The signatures of the officer and witnesses were proved.   The act of sale was found in a book of record kept according to the laws of that State.   The copy made in 1837 corresponded with the original.   This copy was recorded in Jefferson County on September 10, 1851.   The second copy was certified by the notary in charge of the original book, and it was compared with the original and proved to be correct by witnesses knowing all the signatures to the act except that of Savery.   *Held*, both said copies were competent and were properly admitted.

2.   **Identity of Name — Discrepancy.**—See discussion of variance in the spelling of what seems to have been the name of one person; also circumstances, such as identity of description of land granted, delivery of the title, etc., *held* to support the claim of one holding land under such conveyance.

3.   **Variance.** — Discrepancies in the mode of spelling a name may not be tenable objections to the admission of the document containing them when proved up for admission; they go to its effect rather, as in this case land was granted to Asahel Savery and a transfer produced in which the name appeared as "Asal Savary" and "A. Savary," etc.

4.   **Similarity of Name.**—Similarity of name is ordinarily sufficient evidence of identity of a purchaser in a chain of conveyance.   Chamblee v. Tarbox, 27 Texas, 144; Robertson v. Dubose, 76 Texas, 6.

5.   **Certified Copies of Act of Sale under Statutes of the United States.**— It seems that an act of sale made in Louisiana, etc., may be proved by a copy duly certified to by the proper custodian, etc., as prescribed by the Act of Congress of March 24, 1804.   Watrous v. McGrew, 16 Texas, 513.

6.   **Incompetent Evidence—Mortgage—Suit.**—No proof of the execution of a mortgage offered was made; it had not been filed three days before the trial.   When so

offered it was incompetent, as was also the record of a suit upon it for foreclosure, none of the parties to the suit being parties to the foreclosure suit offered.

7. **Declarations by Vendor After Sale.**—Such declarations not made in presence of the adverse claimants are not competent as evidence, nor can a vendor disparage his title by subsequent declarations.

8. **Practice — Burden of Proof. —** A deed was attacked by affidavit of forgery. The plaintiffs having made a prima facie case of the genuineness of the instrument so attacked the burden of proof was cast upon the party charging its forgery to rebut this.

APPEAL from Jefferson. Tried below before Hon. A. C. Bullitt, Special District Judge.

The opinion gives a statement of the case.

*Hal. W. Greer* and *J. H. Rachford,* for appellant.— 1. The courts of Texas, while respecting a certified copy of a notarial act of sale passed in Louisiana as a valid conveyance of land in this State, have done so on two grounds, viz.: First, because they have taken judicial cogniz-ance of the laws of Louisiana, which require the originals of all deeds of conveyance to be kept in the notarial records of that State. Second, because there had been no question as to the correctness of the certified copy brought to this State. Under the first rule or reason the second copy was not admissible, in that by Louisiana Civil Code in force from 1825 to 1853 only a certified copy made by the officer who executed the original could be used as a muniment of title; and under the second rule or reason the second copy was offered and read to show the incor-rectness of the first. Louisiana Civil Code (1825 to 1853), secs. 2247, 2248; Watrous v. McGrew, 16 Texas, 512; Williams v. Conger, 49 Texas, 600; Frost v. Wolf, 77 Texas, 456.

2. The copy made by the notary who took the grantor's acknowledg-ment to the original, and which copy was afterward proved up by the subscribing witnesses, imports verity as to all the recitals in the original and is better evidence of what the original then contained than an ex-amined copy and the statements of witnesses thereto made forty-nine years after the execution of the original; and it was error to allow this examined copy and testimony of witnesses to change and vary in a ma-terial respect the copy first made, in that the original was attacked as a forgery, and it not being before the jury for comparison may have been tampered with during said forty-nine years. Bingham v. Talbot, 63 Texas, 271; Stafford v. King, 30 Texas, 257; Williams v. Davis, 56 Texas, 250; Frost v. Wolf, 77 Texas, 460; Louisiana Civil Code (1825 to 1853), sec. 2248.

3. There being no proof of the execution of the original, and these two copies varying from each other as to what the original contained, in themselves cast suspicion upon the genuineness of the original, and in the absence of all identity of A. Savery as the grantor in said original the court erred in admitting them in evidence and in subsequently treat-

ing them and charging upon them as ancient instruments. Frost v. Wolf, 77 Texas, 450; Cox v. Cocke, 59 Texas, 524; Belcher v. Fox, 60 Texas, 527; Powell v. Haley, 28 Texas, 56; Robertson v. Du Bose, 76 Texas, 6; Stroud v. Springfield, 28 Texas, 662; 1 Greenl. on Ev., secs. 557, 570.

4. The first certified copy being the only muniment of title authorized by the Civil Code of Louisiana then in force, and the only kind of certified copy respected by our Texas courts as a conveyance of land under the Louisiana form of conveyances, and such copy reciting on its face the name of the grantor to be Asal Savary (not Asahel Savery), and it reciting the signature to be A. Savary (not A. Savery), and the original having been attacked as a forgery, the same shows on its face it was not the act and deed of the original grantee and was not admissible in evidence.

5. Where the issue of forgery is made, any evidence pro or con pertinent to the issue is admissible and should go to the jury for whatever they deem it worth, and it was error in the court to exclude acts and declarations of Savery, subsequent in date to his purported deed to Emanuel, which tended to show he still claimed ownership of the land. Hanrick v. Cavanaugh, 60 Texas, 23; Holmes v. Coryell, 58 Texas, 687.

6. The affidavit of forgery throws upon the shoulders of the party offering the deed the burden of proving its execution in accordance with the rules of common law. Cox v. Cocke, 59 Texas, 524; Stroud v. Springfield, 28 Texas, 663; Belcher v. Fox, 60 Texas, 530; Robertson v. Du Bose, 76 Texas, 6; Houston v. Blythe, 60 Texas, 506.

*Tom J. Russell*, for appellees.—1. One counter-proposition is sufficient to answer all of the four objections or propositions made to the two copies of the notarial act of sale by A. Savery to Albert Emanuel. (1) The copy was certified to in manner required by the law of the State of Louisiana for giving copies of notarial acts; (2) the handwriting and signatures of the subscribing witnesses were proved by two witnesses; also were the handwriting and the signatures of the notary and the purchaser of the land; (3) the names Asahel and Asal are *idem sonans*, and the signature A. Savery is sufficient in connection with the complete description of the land in the deed or notarial act, and the possession of the old testimonio of title in the Mexican language, which was delivered to A. Savery when he received title from the government by the parties holding the title to the land under this act of sale, which was read in evidence by plaintiffs. Watrous v. McGrew, 16 Texas, 506; York v. Gregg, 9 Texas, 85; Coons v. Renick, 11 Texas, 134; Williams v. Conger, 49 Texas, 582; Baker v. Wescott, 73 Texas, 129; 1 Greenl. on Ev., sec. 485; 1 Ph. Ev., 473, 474; 1 Greenl. on Ev., sec. 575; Frost v. Wolf, 77 Texas, 460; Titus v. Kimbro, 8 Texas, 210. As to identity of name, Chamblee v. Tarbox, 27 Texas, 144; Robertson v. Du Bose, 76 Texas, 6.

2. The second copy of the act of sale of the land in litigation made before Wm. Boswell, notary of State of Louisiana, is duly authenticated as the law requires in such cases (Morgan's Louisiana Civil Code, arts. 2231–2247; United States Revised Statutes, sec. 906; Watrous v. McGrew, 16 Texas, 506), and was properly admitted as evidence of plaintiff's title to the land. The original act of sale was a record of a public office in the State of Louisiana and could not be produced, and no affidavit of its loss was necessary.

3. The affidavit of forgery by intervenor only required plaintiffs to make a *prima facie* case or proof of execution of original act of sale; this was done by two witnesses to signatures of subscribing witnesses, the purchaser and the notary; then the burden of proof of forgery was upon the intervenor to prove the fact of forgery; the impeaching affidavit was not evidence of the fact that the signature of the vendor in the act of sale was forged. Cox v. Cocke, 59 Texas, 524; Robertson v. Du Bose, 76 Texas, 6.

4. The mortgage of A. Savery to Benjamin Johnson included in the papers of suit No. 405, B. Johnson v. A. Savery, had not been filed in the case on trial and three days' notice given to plaintiffs before commencement of trial, nor did intervenor prove or offer to prove the execution of such instrument, nor was it an ancient instrument over thirty years old. Plaintiffs' objections were properly sustained. Rev. Stats., art. 2257. Records of court are admissible only when between the same parties or privies, but none others. Plaintiffs were not parties to the suit of Johnson v. A. Savery. Willis v. Beauchamp, 15 Texas, 303. The record was not pertinent to any issue before the court in this suit.

5. Oral declarations of ownership of the land made by a person after he has parted with his title are not admissible to defeat the rights of innocent purchasers for a valuable consideration of same land. Thompson v. Herring, 27 Texas, 282; Grooms v. Rust, 27 Texas, 231; Titus v. Johnson, 50 Texas, 224; Wilson v. Williams, 25 Texas, 54.

HOBBY, PRESIDING JUDGE.—The land involved in this suit was originally granted to Asahel Savery by the government of Coahuila and Texas on April 13, 1835. Mrs. Harriet Smith, the appellant, who was intervenor in the court below, claims the land as devisee under the will of her father, the grantee.

The appellees deraign title from and under an act of sale executed in the State of Louisiana on January 5, 1837, by said Savery to one Albert Emanuel, before Wm. Boswell, a notary public in and for the city and parish of New Orleans, and two witnesses—Edward Barnett and Francois Moitan—and through a regular chain of conveyances thereunder. No question is raised as to any deed subsequent to the act of

sale, consequently there will be no occasion for further reference to any other link in appellees' title.

The ground mainly relied on for a reversal of the judgment is the alleged erroneous admission by the court in evidence of certain copies of said act of sale over appellant's objections.

An affidavit was filed by her in this cause assailing in terms the copy of the conveyance or act of sale to Albert Emanuel by Savery, recorded in Jefferson County, September 10, 1851, and denying its execution. The affidavit was doubtless intended to apply to the original act of sale and was so treated on the trial. Two copies of this authentic act were introduced in evidence by appellees. One was made on February 6, 1837, about one month subsequent to its execution. The other is dated June 14, 1886, and was offered as an authenticated copy of the act of sale and as an examined copy of a record of a public officer of another State. It was shown by the witnesses Alphonse and Maurice Barnett that the first was a copy prepared by notary William Boswell, before whom the original act of sale was executed. They testified that they knew him intimately; that he was a notary public in the city of New Orleans. They knew all the parties to the instrument except Savery, and they were all dead. They found and examined the book containing the original acts of sale required to be kept by the law of that State. This copy was correct in all things except that it makes the grantor's name read "A. Savary" instead of "A. Savery." The witnesses referred to recognized the signatures of the parties, except Savery's, to the original act of sale, with which they testified they were familiar. This copy was recorded in Jefferson County, September 10, 1851. The registry or record of authentic acts under the Louisiana law, it was shown, is now in the custody of Martin Voorhis, a notary public of that State. The testimony of these witnesses established the fact that they had carefully examined and compared the copy dated June 14, 1886, certified by said Voorhis, the custodian of the originals, and that it was a correct copy. This copy was introduced in evidence as authenticated under the laws of the United States. The objections urged to the copy first mentioned are: "That the land is titled to 'Asahel Savery,' and the recitation in the copy is that it is made by 'Asal Savery,' and it is signed 'A. Savary;' showing upon its face that it was not executed by the original grantee, and there was no proof of the execution of the original act of sale by 'Asahel Savery,' and therefore it was not admissible as an ancient instrument."

It may be proper to observe in this connection that we do not understand it to have been offered as an ancient instrument. That the original grant is to Asahel Savery and the signature to the authentic act is "A. Savary" does not necessarily show or imply that the latter was not executed by the grantee. The objection is one going to the identity of the person executing the act of sale with that of the original

grantee from the government. Whatever variance or dissimilarity there may be arising upon the face of the instruments mentioned between the name of the grantor "Asal Savery" in the body of the act of sale and his name of "Asahel Savery" as contained in the grant from the government, and his signature of "A. Savary" to the former, it seems to us is sufficiently explained by the evidence in the record before us, and it should remove any reasonable suspicion, if any, which might arise as to the identity of the grantor in said act of sale with the grantee from the government.

The name of the grantor in the body of the authentic act is not written or spelled by him, but it is written by the notary, before whom the parties appeared, under article 2231 of the Civil Code of Louisiana, to pass or execute said sale. The signature is spelled "Savery," as in his application as a colonist to the commissioner and as in the will in evidence under which appellant claims. Another circumstance from which the jury may have inferred that the act of sale was executed by the grantee from the State is that the former instrument describes by the same metes and bounds the land as contained in the original grant. It also recites "all of which documents are hereunto annexed." The grant in the Spanish language is shown to have been in the possession of Louis Davis at his death in June, 1876, to whom the land was conveyed by the vendees of Emanuel in 1852, and with accompanying title papers it was delivered to appellee Gillum in 1886, and produced on the trial of this cause.

These facts, in the absence of any proof by appellant controverting them, were sufficient upon the issue of identity to support a finding in behalf of appellees.

As said in Chamblee v. Tarbox, 27 Texas, 144, "similiarity of name alone is ordinarily sufficient evidence of identity of a purchaser in a chain of conveyance." Commenting upon this case in Robertson v. Du Bose, 76 Texas, 6, it was said that "in the absence of evidence casting doubt upon the identity of a party to a conveyance of land we think it ought to be held sufficient in every case, and the jury, if instructed upon the subject at all, ought to be told so."

In the case under consideration there was no proof casting doubt upon the identity of Savery, and the language quoted is peculiarly applicable.

The objection to the copy introduced as authenticated under the Act of Congress of the United States of March, 1804, is that it was "not recorded in Jefferson County until after the death of Asahel Savery, and it does not appear to have been made by the official custodian of the original, but is in the handwriting of one of the plaintiffs in this suit, and it casts suspicion on and changes in a material respect the second original, in that in the former the signature is spelled A. Savary," etc. There can be no doubt in this case, we think, that the execution of

the original act of sale was proved beyond the most rigid requirements of the common law which was in force under the Act of December, 1836, in this State, in its application to evidence.   The rule is elementary that where a deed or other written instrument is attested and all of the witnesses are inaccessible, in such case the evidence of its execution will be sufficient by making proof of the handwriting of the witnesses, as is done where such witnesses are shown to be dead and the hand-writing of the party executing it is not necessary to be proved.

Discussing the effect of a similar certified copy of an authentic act introduced in evidence in the case of Watrous v. McGrew, 16 Texas, 513, it was held that the copy having been authenticated under the Act of Congress of March 24, 1804, it was deemed sufficient proof of its gen-uineness and authenticity, and judicial notice was taken of the law recognizing the Civil Code of Louisiana, and that the act of sale in evi-dence duly attested makes proof that the original act remained an archive in the office of the custodian of such authentic acts.

The same character of instrument, the original, it was said in Smith v. Townsend, Dallam, 571, remained in the possession of the notary or his successor who was the lawful custodian thereof, and a copy of it made by such depository was regarded as proof of the original.   This is upon the ground that the original is not deliverable to the parties under the Civil Code of Louisiana providing for the execution of said authentic acts.   This official registry required to be thus kept by the notary in that State belongs to that class of instruments in writing of which it is said, when the proof is by a copy, an examined copy duly made and sworn to by any competent witness is always admissible.   1 Greenl. Ev., sec. 685.

The execution of the original having been established as before ex-plained, and the authenticated copy having received the sanction as evidence of the cases cited, there was no error in the admission in evi-dence of the copy mentioned.

The error next assigned is the action of the court in excluding a mortgage claimed to have been executed by Savery to one Johnson, and the papers in a suit to foreclose said mortgage by Johnson, to-gether with the judgment of dismissal in said suit. ' And also its action in excluding the testimony of one Stockholm to declarations of Savery that he owned the land.   This evidence was offered as a circumstance to show that the land was claimed by Savery.   It appears from the bill of exceptions that the objections to this evidence were that "the mort-gage was not filed among the papers of the suit and three days' notice given the appellees; its execution was not proved at common law; and the testimony was irrelevant.

We think these objections were properly sustained.   There was no attempt made to prove the execution of the mortgage, and it was not admissible as a recorded instrument.   The appellees were not parties

to the suit between Johnson and Savery and could not be affected by it. The alleged declarations made to the witness Stockholm were not in the presence of the appellees or parties claiming the land, and were made after Savery had parted with title thereto, and could not be used in disparagement of the title of subsequent purchasers. Thomas v. Herring, 27 Texas, 282.

Complaint is made of the omission of the court below to instruct the jury that the burden of proof as between appellant and appellees was on the latter to establish title. The suit was originally brought by appellees against the Texas & New Orleans Railway Company. Subsequently the appellant intervened, claiming the land as heir and devisee of her father, A. Savery, the original grantee. The court charged the jury in substance that the burden of proof was on the plaintiffs (appellees) to show title as against the defendant.

At the instance of the intervenor the jury were also told that if they believed Asahel Savery, the original grantee, executed the deed of January 5, 1837, to Albert Emanuel, they would find for the appellees; but if they found that this instrument was not executed by him, the legal effect of the will of Savery in evidence was to vest title to the land in intervenor.

The court further instructed the jury that plaintiffs (appellees) having introduced a copy of the act of sale made before a notary in Louisiana on January 5, 1837, and the intervenor having filed an affidavit attacking the same, the affidavit would not be evidence; that the burden was on the intervenor to prove the act of sale to be a forgery. Such is the correct rule. The appellees having made a *prima facie* case of the genuineness of the instrument the burden of proof was cast upon the intervenor to rebut this. Cox v. Cocke, 59 Texas, 524; Robertson v. Du Bose, 76 Texas, 6.

The court charged the jury at the request of the defendant the Texas & New Orleans Railway Company that they "must believe from the evidence that the act of sale purporting to have been made on the 5th January, 1837, by one Savery, or Savary, to Albert Emanuel, was in fact and in truth made and executed by the same identical Asahel Savery to whom said league of land was originally granted," etc., before they could find for plaintiffs in this case, and that unless they so believed they would find for the defendant and the intervenor, whether said instrumental witnesses' signatures are proved to be genuine or not.

These instructions we think presented in proper form the issues in the case and afford no ground for complaint upon the part of appellant.

The judgment we think should be affirmed.

*Affirmed.*

Adopted March 3, 1891.