## SARAH A. TRAVIS v. FRANK HALL EL AL.

### No. 1052. Decided December 19, 1901.

**1.—Outstanding Title—Limitation—Disability—Burden of Proof.**

On proof of outstanding title by defendant, it was not necessary for plaintiff, in order to sustain his title by limitation, otherwise fully shown, to show affirmatively that there was no disability on the part of the holders of the outstanding title. (Pp. 116, 117, 120.)

**2.—Trespass to Try Title—Limitation—Pleading.**

In trespass to try title, an allegation by plaintiff of title by limitation from possession for "a period of more than ten years next before the filing of this suit and before the ejectment hereinafter alleged," was met by proof of a possession for ten years, completed nine years before the date of the alleged ejectment. (Pp. 117, 120.)

**3.—Practice on Appeal.**

A judgment of the trial court for defendant can not be sustained by the fact that there was sufficient evidence, though controverted, to support a finding in his favor on one defense presented, where the trial court refused to find on such issue, finding in his favor on other grounds which could not be sustained. (P. 120.)

Questions certified from the Court of Civil Appeals, First District, in an appeal from Harris County.

The opinion of the Court of Civil Appeals, in this case, was as follows:

"GARRETT, CHIEF JUSTICE.—(After stating the facts).—We are of opinion that the execution sale of the land was good against collateral attack, and since it appears that the land was the community property of N. W. Travis and his wife, an outstanding title in John Doran was shown; hence the plaintiff was not entitled to recover as the heir of Sarah Travis and her husband. But it was shown that the plaintiff took possession of the land about the year 1876, claiming it as her own, and held continuous adverse possession thereof by a tenant for more than ten years in such manner as to confer title on her by limitation. It was not necessary for the plaintiff to anticipate and prove affirmatively in support of her title by limitation that there was no coverture or other disability on the part of John Doran or any of his heirs or assigns to prevent the running of limitation. In City of Austin v. Hall, 92 Texas, 591, in which the prescriptive right to a public road was claimed, the court held that where the right was claimed against one other than the defendant in a suit or some person under whom he claims, the

plaintiff must prove his right and that no disability existed with the person from whom he claims to have derived the right. But in the case referred to an easement in the land was claimed by the acquiescence of the owner in possession for the longest period of limitation. In such case the plaintiff claiming the easement in order to show acquiescence of the owner who is not a party to the suit is required to show want of disability to sue on the part of the owner. The statute confers full title upon the person holding adverse possession for the prescribed period. Rev. Stats., art. 3347. Disability as an answer must be pleaded whenever it is relied upon by a party to the suit. So must limitation when relied on be pleaded. Plaintiff pleaded title by limitation as required by statute. The defendants under their plea of not guilty upon the general issue put in proof an outstanding title, which in this case is more than fifty years old. Plaintiff was in possession of the land and ought not to be required to have a knowledge of the status of the holders of the outstanding title. There would be some reason in requiring her to show the status of owners in possession of land against whom she was claiming an easement by prescriptive right. Limitation and disability are both defensive in their nature, are prescribed and defined by statute, and are required to be pleaded when relied on. To establish an easement by prescription the party asserting it must affirmatively show acquiescence on the part of the owner of the fee who is in possession and in order to show acquiescence must show that the owner was sui juris and not resting under any disability to sue. On the other hand, a person asserting a title by limitation perfects it by possession of the land to the entire exclusion of the owner and all others for the prescribed statutory period, and from the nature of the case it would be unreasonable, in making affirmative proof of his title by limitation, to require him to take cognizance of the status of every person who might be shown under a plea of not guilty to have an adverse title. So far as we have been able to discover the precise question has not been decided, and we do not believe that the rule applied to easements in the fee to land acquired by prescription should be extended to the absolute title that may be acquired by limitation. We are therefore of the opinion that the court erred in so holding.

"In her petition the plaintiff, setting out her title by limitation, averred that she had been in possession 'more than ten years next before the filing of this suit.' The evidence showed that she had been out of possession for several years next preceding the filing of the suit, but that ten years limitation had been completed before she lost possession. Defendants urge as a reason for affirmance that the plaintiff's evidence did not correspond with the pleading and that judgment was properly rendered for them. We think the allegation was sufficient to admit the evidence. It is also urged by the defendants as a reason why the judgment in their favor should be affirmed that it was shown by the undisputed evidence that the defendant had acquired title by limitation of ten years after the possession of the plain-

tiff had ceased. To this we do not agree. We deem it unnecessary to set out the evidence; and as the court declined to find upon this issue, and the judgment must be reversed for the reason given, the cause will be remanded for another trial."

*Ingham S. Roberts*, for appellant.—When the statute of limitation for ten years has been plead and proved by a plaintiff, there can be no presumption that there are parties under disabilities, and it is incumbent on the defendant asserting title against such limitation, to plead and prove that there were and are persons laboring under disabilities. On the introducing by the defendant of an outstanding record title to defeat the title by limitation alleged and proved by such plaintiff, it is not sufficient to defeat a recovery by such plaintiff claiming title by limitation to presume that one might exist who might show disabilities protecting him from limitation. Rev. Stats., art. 3343; McGregor v. Thompson, 7 Texas Civ. App., 32; Mims v. Rafel, 73 Texas, 300; Branch v. Baker, 70 Texas, 190.

Title by limitation of ten years is made by showing continuous occupation, etc., in the terms of the statute, of the land claimed for that period.

*Fisher & Sears*, for appellees.—Appellant based her right of recovery on ten years adverse possession. The petition alleged that this possession was for "more than ten years next before the filing of this suit." The uncontroverted testimony showed that plaintiff had not been in possession at "any time" within ten years "next before the filing of this suit," but that what possession she may have once had had terminated more than ten years before the suit was filed. The evidence, therefore, did not correspond with the pleading, and the court properly rendered judgment for the defendants. Banking Co. v. Stone, 49 Texas, 15; Hall v. Jackson, 3 Texas, 305; Harvey v. Cummings, 68 Texas, 607; Cunningham v. Frandtzen, 26 Texas, 39; Lewis v. Hatton, 86 Texas, 535.

It is the settled practice of the upper courts in this State not to disturb a judgment which has been rightly entered upon the facts of the case, although the judge may have given a wrong reason for this action. Grace v. Miller, 4 Texas Civ. App., 53; State v. Hoff, 88 Texas, 299; San Antonio Water Works v. Maury, 72 Texas, 113.

Defendants, being in actual possession of the land, were not required under the law to yield possession except to the owner of the title. The owner against plaintiff was shown to be John Doran. Plaintiff, however, claimed to be the owner by prescription—adverse possession—since Doran acquired title. Our contention and the ruling of the lower court is, that where limitation is claimed against one other than the defendant in the suit, plaintiff must not only show the adverse possession, but that the owner of the land was not under disability during the time the possession was claimed. If the real owner of the outstanding title was under disability during the time of plaintiff's alleged occupancy, then

plaintiff did not own the land. On plaintiff was the burden of proof to show that she owned the title as against all parties, and as she did not show that the owner of the outstanding title was free from disability during the time of her occupancy, she failed to show title. Austin v. Hall, 57 S. W. Rep., 563, and cases cited.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"Sarah A. Travis brought an action of trespass to try title against Frank Hall and others in the District Court of Harris County for the recovery of the south half of block 34 of the James S. Holman survey. In her petition, the plaintiff, setting out title to the land in herself by limitation, alleged the facts necessary to show title by ten years limitation, and among other facts, alleged that she had been in adverse possession thereof, "cultivating, using, and enjoying the same for a period of more than ten years next before the filing of this suit and before the ejectment hereinafter alleged." The suit was filed August 29, 1900, and the date of ejectment was laid at January 1, 1899. The defendants pleaded not guilty, under which they introduced evidence of an outstanding title. They also pleaded limitation of ten years and introduced evidence in support thereof. The cause was tried before the court without a jury and judgment was rendered in favor of the defendants, for the reason that the plaintiff had failed to support her proof of limitation as against the outstanding title by affirmative proof of want of disability to sue in the owner of the outstanding title. From the conclusions filed by the trial judge, it appears that the land in controversy was conveyed to Sarah Travis, wife of N. W. Travis, in 1845; that in 1842 a judgment was rendered against N. W. Travis by the District Court of Harris County for the costs of a suit in that court; that by virtue of an execution issued on that judgment in 1846, the land was levied upon and sold as the property of N. W. Travis, and that John Doran became the purchaser thereof. That the plaintiff was the heir of Sarah Travis and her husband, N. W. Travis, and would be entitled to the land but for the execution sale which the court held valid. The court further found that the plaintiff had had and held such adverse possession of the land between the years 1870 and 1890 as would confer title by the statute of ten years limitation, but that an outstanding title having been shown in John Doran, it was necessary for the plaintiff to show that there was no disability on the part of any owner of such outstanding title as would prevent the running of limitation. The court declined to find upon the issue of limitation made by the defendants. The evidence upon this issue was conflicting, and a finding thereon in favor of either party would not have been disturbed by this court.

"The following questions of law arise out of the facts above stated, to which this court desires the answers of the Supreme Court:

"1. On proof of outstanding title in John Doran by the defendants,

was it necessary for the plaintiff, in order to sustain her title by limitation otherwise fully shown, to show affirmatively that there was no disability on the part of the holders of the John Doran title?

"2. Was the allegation of title in plaintiff by limitation for 'a period of more than ten years next before the filing of this suit and before the ejectment hereinafter alleged,' met by proof of a completed possession between the years of 1870 and 1890? Does such proof support the allegation so as to authorize judgment thereon?

"3. The court below sitting as a jury having expressly declined to find the facts upon the issue of limitation made by the defendants, and having based his judgment upon other issues, should this court, if the judgment could not be sustained otherwise, affirm the judgment upon evidence sufficient to support it if there had been a finding thereon, either express or implied, when there is conflicting evidence sufficient to support a different finding?"

All of the questions had been decided by the Court of Civil Appeals, but a motion for rehearing having been filed, they were certified to this court while the motion is pending.

In regard to the first question, we think it proper to say that it hardly arises upon the facts stated in the certificate. The disabilities which, during the period in question, would have prevented the operation of limitation, were nonage, coverture, insanity, and imprisonment. Pasch. Dig., art. 4624; Rev. Stats., 1879, art. 3201. The certificate shows that in 1846 the outstanding title was vested in a person who was not a married woman. If he was then a minor, he would have reached majority before 1870. The presumption would be against insanity and imprisonment and would afford sufficient evidence that Doran was under neither of those disabilities. No evidence is stated of his death or of the divestiture of title out of him. The party whose case depended on a change in the condition thus proved to have existed would have the burden of proof, the time which elapsed not being sufficient of itself to raise the presumption of death. It would seem, therefore, that by the evidence as here stated, the fact mentioned in the first question was sufficiently proved. But as the Court of Civil Appeals certifies it as if it had not been shown, and as we can not know what other evidence there may be in the record before that court, we think it proper to answer it as well as the others.

All of the questions were, we think, correctly decided by that court in the opinion referred to, and it is therefore only necessary that we answer the first and third questions in the negative and the second in the affirmative.