## JOHNSON et al. v. COIT et al.

### No. 12652.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1932.

Bailey, Nickels & Bailey, of Dallas, for appellants.

Sullivan, Speer & Minor, Owsley & Owsley, and R. H. Hopkins, all of Denton, and Billingsley & Billingsley, of Fort Worth, for appellees.

DUNKLIN, J.

Mrs. Lola N. Johnson, joined by her husband, R. W. Johnson, and Mrs. Carrie D. Jones, joined by her husband, Cecil Jones, and Wm. O. Shannon, instituted this suit in the district court of Denton county for a writ of certiorari to the county court of that county for revision and correction of orders entered by the latter court with respect to the estate of W. O. Shannon who died August 25, 1919, and whose will, of date February 15, 1917, and codicil thereto, of date June 21, 1917, had been duly probated in the county court of Denton county on October 25, 1919. The orders of the county court, the validity of which was challenged by the plaintiffs, purported to authorize and approve a conveyance made to Mrs. Cora Shannon, surviving wife of the testator, by the executors of the will of two lots of land situated in the city of Denton, Denton county, Tex. A copy of the will of W. O. Shannon, with codicil thereto, was attached to and made a part of plaintiffs' petition, according to which certain specified sums of money were bequeathed to four daughters of the testator other than those named above as plaintiffs in this suit. There was also bequeathed to Mrs. Cora Shannon the sum of $2,000 if she be living and cohabiting with the testator at the time of the latter's death, and provided that she accept that bequest in full settlement and payment of all her claims to any and all property belonging to the estate of the testator; with the further provision that, should she refuse to accept such bequest, then she should take no part of the testator's estate. There was a further provision that, if Mrs. Cora Shannon be not living and cohabiting with the testator at the time of his death, then she should receive $500 out of the estate, in full satisfaction of all her

claims of interest in the estate, and that she have no part of the estate if she refused to accept that bequest. All the residue of the estate remaining after satisfaction of the personal bequests above mentioned was devised and bequeathed to the plaintiffs in this case.

It appears from further allegations in the petition that the suit was instituted within two years after plaintiffs, Mrs. Lola N. Johnson and Mrs. Carrie D. Jones, became of lawful age, although there were no allegations in the petition that the same was true with respect to the suit of plaintiff Wm. O. Shannon.

The original will was executed in Bryan county, Okl., where the testator then lived, and the codicil was executed in Denton county, where the testator was living at the time of its execution and at the time of his death. In the original will, B. A. McKinney and W. E. Clark, of Bryan county, Okl., were named as executors, and in the codicil thereto J. C. Coit and Alvin M. Owsley were named as executors. In both of the instruments it was provided that the executors therein named should not be required to give bond. The original will contained this provision: "I further direct, so far as permitted under the law, they (the executors) administer my estate outside of the court and that they be clothed with independent powers as such executors."

The codicil, after reciting that it was a codicil to the original will, embodies these provisions:

"(2) I further will and direct that no action be had on my estate in the Probate Court, other than the probating of this codicil and will and the filing of an inventory as the law directs.

"(3) And I further appoint and will and direct that my friends J. C. Coit and Alvin M. Owsley be and they hereby are appointed executors of my will in connection with said B. A. McKinney and W. E. Clark, and that no bond be required of them, or any of them, and direct that my said executors, or either of them, acting alone as provided in said will, shall have full powers and authority to sell and convey any and all property belonging to my estate and make good and perfect titles thereto and do any and all other acts necessary to carry out the provisions of this will as amended by this codicil."

Mrs. Cora Cotner, who was formerly Mrs. Cora Shannon, and all of the executors named in the two instruments, together with certain other parties claiming an interest in the two lots in the city of Denton under and by virtue of the order of the county court and conveyances made by Mrs. Cora Shannon thereunder, were made defendants in the suit.

Other facts alleged in the petition included the following: At the time of his death, W. O. Shannon owned the two lots situated in the city of Denton which belonged to his separate estate; the consideration paid therefor being property and money owned by him before his marriage to Mrs. Cora Shannon. One of those lots was of the market value of $5,000, and the other of the market value of $7,000. He also owned certain real estate situated in Bryan county, Okl., of the market value of $15,000, which was incumbered with a valid mortgage lien for 50 per cent. of its value. He also owned personal property sufficient to satisfy all the personal bequests included in the will, and the same was used by the executors for that purpose, and all of the bequests have been fully satisfied and all claims against the estate have been paid, leaving the two lots in the city of Denton and the Oklahoma real estate as the residue of the estate, and which residue, or remainder, is claimed by the plaintiffs in the suit. Mrs. Shannon owned no community or any other interest in the two lots situated in the city of Denton.

On March 24, 1920, J. C. Coit and Alvin M. Owsley, as executors of the estate, filed in the county court the following application:

"Come now J. C. Coit and Alvin M. Owsley, executors under the last will and testament of W. C. Shannon, deceased, and respectfully show to the court that under and by virtue of the terms of said will which has, at a former day and term of this court been admitted to probate, the testator made certain bequests and disposition of property therein which involved the community interest of himself and that of Cora Shannon, his surviving wife, and the said Cora Shannon having heretofore filed in this court her written declination to accept under the terms thereof, but expressing therein her preference to take under her rights as community surviving wife, in lieu thereof, and they further show that certain portions of said property is situated in Denton County, Texas, and other portions thereof are in the State of Oklahoma, and that it is to the interest of the estate and of all parties interested therein that same be partitioned between these executors as such and Cora Shannon:

"They further show to the court that without expense upon the said estate, they, as executors for the estate, have reached an agreement with the said Cora Shannon for a fair and equitable settlement of said estate, subject to confirmation by the court, by the terms of which agreement the said Cora Shannon will quitclaim and convey unto the executors all right, title and interest she has in the remainder of the estate in consideration of a conveyance by the executors unto her of all interest of the estate in and to the following described real estate in the

City of Denton, in Denton County, Texas: (Here follows a description of the real estate.)

"And of a conveyance to her by the executors of the household and kitchen furniture mentioned in the inventory and appraisement.

"Your petitioners would further show to the court that all the real estate mentioned in the inventory and appraisement filed in this cause, is still on hand and that certain of the personal property has been converted into money, and the condition of said estate is as shown by the exhibit 'A' attached hereto, to which reference is here made.

"Wherefore, petitioners pray that citation issue hereon in terms of law and that upon final trial they have an order of this court authorizing them to make deeds of conveyance for the above described lands unto the said Cora Shannon in full settlement of her community interest in said estate."

On April 23, 1920, the county court sitting for probate purposes entered an order which, after reciting the filing and presentation of the foregoing application, concluded as follows:

"Which said application is and was accompanied by an exhibit in writing certified by the affidavit of said executors showing fully the condition of said estate as required by law; and it appearing to the court that citation has been duly served as the law requires and the court having heard evidence in favor of and against the same, and having duly considered said evidence is satisfied that a necessity exists for such a sale, and that it would be better to the interest of said estate; and it further appearing to the court from the evidence introduced that the said executors have, at a previous date, without expense to the estate, negotiated fair and equitable settlement between themselves for and in behalf of said estate, and Cora Shannon, the community survivor of W. O. Shannon, deceased, in which said settlement and contract it was agreed by and between said executors and said Cora Shannon that in consideration of the conveyance to said executors of any and all rights the said Cora Shannon may have made heretofore or had in and to other property belonging to the estate of W. O. Shannon, deceased, they, the said executors, would convey to the said Cora Shannon all the right, title and interest of the estate in and to the property described above, fully adjusting any and all rights between the parties therein, each of whom, that is to say, the said J. C. Coit and Alvin M. Owsley, as executors and said Cora Shannon for herself, accept said conveyance in full, fair and complete settlement of the interest each holds against the other in the whole of said estate, each accepting the titles conveyed to them as they now stand, and

should either in the future fail, the same should in no wise affect the consideration for the conveyance based hereon.

"It is therefore ordered by the court that the above described tracts or parcels of land be sold by J. C. Coit and Alvin M. Owsley, executors, under the last will and testament of the said W. O. Shannon, deceased, at the earliest possible date at private sale unto the said Cora Shannon for and in consideration of the conveyance by her unto them of any and all rights, title and interest she may have heretofore had in and to the remainder of the estate of the said W. O. Shannon, deceased, and that said executors make a report unto this court as required by law."

Later, the executors filed a final report of their administration of the estate in which they reported a conveyance of the two lots in the city of Denton to Mrs. Cora Shannon under and by virtue of the former order of the same court, further reporting that all the debts and bequests owing by the estate had been fully paid and asking for a final discharge of the executors. And that report was likewise approved by an order entered in the minutes of the court.

Those two orders of the county court are the ones sought to be revised and corrected by the plaintiffs in the present suit which were alleged to be absolutely void for lack of jurisdiction of the county court to make them.

Plaintiffs did not allege in their petition that Mrs. Shannon had no homestead rights in the two lots situated in the city of Denton, although, as shown above, they did deny that she had any community interest therein.

According to further allegations in the petition, the two orders of the county court referred to constituted clouds upon plaintiffs' title to the two lots in the city of Denton, as is also the deed made to Mrs. Shannon by the executors under and by virtue of those orders, which constitutes injury to the plaintiffs.

A general demurrer and certain special exceptions addressed to the plaintiffs' petition were sustained, and, plaintiffs having declined to amend, the suit was dismissed by order of the district court. From that order plaintiffs have prosecuted this appeal.

Following are the articles of the statutes which constitute the basis of plaintiffs' suit:

"Art. 932. Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction.

"Art. 933. An application for writ of certiorari to the county court shall be made to the district court, or a judge thereof. It shall state the name and residence of each party adversely interested, and shall distinctly set forth the error in the proceeding sought to be revised.

"Art. 934. The writ of certiorari shall in all cases be granted upon the application of a party therefor upon the applicant entering into bond in such sum as shall be required by the judge, sufficient to secure the costs of the proceeding."

"Art. 936. The writ of certiorari shall be issued by the district clerk upon the compliance of the party with the order of the district court or the judge thereof. It shall be directed to the sheriff or any constable of the proper county, and shall command him to cite the county clerk to make out a certified transcript of the proceedings designated in the writ, and transmit the same to the district court to which the writ is returnable, on or before the return day of the next succeeding term thereof."

"Art. 939. The cause shall be tried de novo in the district court, but the issues shall be confined to the grounds of error specified in the application for the writ. The judgment shall be certified to the county court for observance."

"Art. 3433. When a will has been probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will, and the grounds of objections."

"Art. 3436. Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

Following the last-quoted statute, there are other articles giving the right to a creditor to require bond of an independent executor, and providing that, if the bond required be not given, then for a regular administration of the estate according to the provisions of the will.

Article 3442 reads as follows: "If such will does not distribute the entire estate of the testator, or provide a means for partition of said estate, the executor may file his final account in the court in which the will was probated, and ask partition and distribution of the estate; and the same shall be partitioned and distributed in the manner provided for the partition and distribution of estates administered under the direction of the court."

As provided by article 933, it was incumbent upon plaintiffs to distinctly set forth in their application for the writ of certiorari the errors in the orders of the county court sought to be revised. And under the rule of decisions of this state the burden was upon the plaintiffs to further allege that the errors complained of were ones of law and judicial in character, and not mere irregularities relating to the performance of ministerial acts or such as were done in the exercise of a sound discretion of the court. And the writ applies to an order of court sought to be revised if the same was beyond the jurisdiction of the county court or in excess of such jurisdiction. 9 Tex. Jur. pp. 28–30, and authorities there cited.

We have reached the conclusion that the county court had no jurisdictional authority to make the orders referred to authorizing and approving the deed of conveyance by the executors to Mrs. Cora Shannon, and approving the final account of the executors showing that such a conveyance had been made in accordance with the former order of the court authorizing the same.

In Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 896, 49 S. W. 367, the following was said:

"The constitution and the laws of this state confer upon county courts general jurisdiction of all estates of deceased persons, which attaches to the particular estate when proceedings for administration are begun in that court; and, having once attached, the jurisdiction will continue, except as limited by the terms of article 1995 of the Revised Statutes of 1895. [Now article 3436.] Construing the language of that article, this court has held that the allowance of claims against such estate need not be approved by the county court. McLane v. Belvin, 47 Tex. 493. The independent executor has authority, without an order of the court, to sell any property of the estate for the payment of debts, whether the will expresses such power or not. McDonald v. Hamblen, 78 Tex. 633, 14 S. W. 1042; Howard v. Johnson, 69 Tex. 655, 7 S. W. 522. Likewise, it has been held that while the executor under such will continues to discharge his duties the county court has no jurisdiction to settle the accounts between him and the heirs or devisees. Lumpkin v. Smith, 62 Tex. 249. The county court has no jurisdiction to set aside to the widow and children the exempted property, or allowance in lieu of it, when the estate is being administered by an independent executor. Runnels v. Runnels, 27 Tex. 516.

"That article does not purport to withdraw the estate from the jurisdiction of the county court, but permits the testator to commit to his executor the performance of all acts in reference to the 'settlement' of the estate, without control of the court. The estate remains under its jurisdiction, the administration is

still pending, but the court is restrained by the terms of the law from taking any action in regard to the settlement of the estate while the executor appointed by the will continues to discharge his duties. The court may exercise its jurisdiction as to other matters, such as to annul a provision of the will, or to require the executor to give bond, and the like while he continues to act; but during that time, without action by the court, the executor can adjust and pay debts against the estate, and for that purpose may sell the property of the estate, can set apart the exempted property, or pay the allowance in lieu thereof to the widow and children of the deceased, and, having paid the debts, may distribute the estate among the heirs or devisees, because these are acts done by him in the 'settlement' of the estate. With reference to such matters, the executor can do whatever the court could authorize to be done, if the estate was under its entire control. McDonough v. Cross, 40 Tex. 280. The limitation placed upon the powers of the court operates to confer authority upon the executor to do without action of the court those things which it is prohibited to order. This is the measure of the independent power conferred by law upon the executor and the extent to which the prohibition upon the court goes. The prohibition upon the power of the court arises out of the existence of a trustee to whom the testator has chosen to confide those powers, and when the trust lapses the limitation upon the exercise of judicial control ceases likewise."

■ Many other decisions to a like effect might be cited, in which it was held that the directions of a valid will must be complied with, and that neither the executor nor the probate court has any authority to violate its provisions, such as Quisenberry v. Watkins Land Co., 92 Tex. 247, 47 S. W. 708; Wisdom v. Wilson, 59 Tex. Civ. App. 593, 127 S. W. 1128; Altgelt v. Alamo Natl. Bank, 98 Tex. 252, 83 S. W. 6.

■ The will disposed of and distributed the entire estate, and neither the order of the county court authorizing the sale to Mrs. Shannon nor the application therefor purports to show that the same was for the purpose of distribution of the same among the devisees, under provisions of article 3442 of the statutes. On the contrary, the application and order granting the same show conclusively that the same were for the purpose of a partition of the residue of the real estate remaining after settlement of personal bequests and payment of all debts, between the devisees and Mrs. Cora Shannon, claiming a community interest therein as against the title vested in plaintiffs as the devisees thereof. The county court had no jurisdiction to determine the issue of title as between the devisees and Mrs. Shannon claiming adversely to the devisees and contrary to the provisions

of the will; nor did the executor have lawful authority to determine the issue of title involved in such a partition. The district court had exclusive jurisdiction to determine that issue and to make such a partition. Articles 6082, 6083; Mayo v. Tudor's Heirs, 74 Tex. 471, 12 S. W. 117.

■ It is to be noted that the right to apply for a writ of certiorari accorded in article 932 is given only to persons interested in the estate of decedent or ward; and it is insisted by appellees that it does not clearly appear in plaintiffs' petition that the applicants for the writ had any interest in the two lots situated in the city of Denton. It is insisted that it was incumbent upon the plaintiffs to allege and show that the executors had not, independently of the action of the court, set aside the property to Mrs. Shannon as a homestead, or sold the same to her as an allowance in lieu of a homestead.

The petition contained allegations of fact which, if true, showed that the property belonged to the separate estate of the testator, and therefore the widow had no community interest therein, with further allegations that all of the personal bequests and debts and costs of administration had been fully satisfied, leaving the Oklahoma real estate and the two lots in the city of Denton as the remainder or residue of the estate which was specifically devised to the plaintiffs. Those allegations were sufficient, prima facie, to show that plaintiffs were interested in all the real estate just mentioned. Whether or not the executors did in fact and independently of the orders of court set apart to Mrs. Shannon the two lots in Denton as her homestead or in lieu of a homestead allowance was peculiarly within their knowledge, and, if it was so set apart to her, the burden was upon defendants to show such facts as a defense to the prima facie case made by the plaintiffs in their pleadings. Silliman v. Thornton, 10 Tex. Civ. App. 303, 30 S. W. 700; McNamara v. Meunsch, 66 Tex. 68, 17 S. W. 397; Smith v. Gillum, 80 Tex. 120, 15 S. W. 794; Travis v. Hall, 95 Tex. 116, 65 S. W. 1077, 1078; G., C. & S. F. Ry. Co. v. Johnson, 92 Tex. 591, 50 S. W. 563; Davis v. Etter & Curles (Tex. Civ. App.) 243 S. W. 603.

■ As provided by article 939, after the writ of certiorari is granted, the case is then tried de novo in the district court; and in 9 Tex. Jur. p. 42, the following is said: "The hearing on the writ is generally confined to the question of whether error was committed by the lower court. The District Court in such proceeding may not correct errors in deeds of guardians or of administrators, nor may it try the title to land; it may review only the errors of the County Court."

That announcement is in accord with the provisions of article 939 of our statutes quoted above.

The proceeding instituted by the plaintiffs in this case for certiorari was a direct and not a collateral attack upon the order of the county court. 9 Tex. Jur. § 2, p. 22. The plaintiffs Mrs. Lola N. Johnson and Mrs. Carrie D. Jones had the right thereto, even though there was a lack of allegations in the petition to show that plaintiff Wm. O. Shannon also instituted his suit within the period of limitation fixed by the statute as to him. And a writ of error will lie to those orders, even though it be said that they were not absolutely void, but voidable only. 9 Tex. Jur. §§ 13 and 14, pp. 31 and 32.

In appellees' brief, the contention is made that the original order of the district court granting the writ of certiorari and requiring bond in the sum of $100 which was duly executed and approved and filed on June 27, 1930, was made upon the plaintiffs' original petition, which was quashed on motion of the defendants, and that such action had the effect to quash the bond also given to support that petition. It is insisted that, since no other bond was given, the bond formerly given could not inure to the benefit of plaintiffs in support of their amended petition which is involved on this appeal. We have examined the transcript, and find that an order for the writ of certiorari and fixing of the bond therefor in the sum of $100 was made June 13, 1931, the same day on which plaintiffs' amended petition was stricken out on defendants' demurrers thereto; and that order recited the prior filing and approval of the writ of certiorari bond, and awarded judgment for costs of suit against the principal and sureties thereon.

The only objection made to the bond was embodied in defendants' demurrers and exceptions to the plaintiffs' first amended original petition, filed March 1, 1931, and that objection was that the bond was insufficient in amount to secure the probable cost, and that it was not conditioned and payable as the law requires. Even if it be said that the bond was subject to the objections urged, the defects therein were not fatal to plaintiffs' petition on this appeal, since the filing of a new bond would have been useless after the court had sustained a general demurrer to plaintiffs' petition; and the amount of bond fixed March 31, 1931, after filing of the amended petition, was in the sum of $100, the same as the one then on file. Furthermore, even where a defective bond is given which may be and is quashed for insufficiency, the court may grant leave to execute a new bond. 9 Tex. Jur. p. 37.

We shall not undertake a discussion of the numerous authorities cited by appellees. We deem it sufficient to say that they have been duly considered, and we have reached the conclusion that, by reason of different questions involved which differentiate those cases from this suit, our foregoing conclusions are not in conflict therewith; and to attempt to point out such differences would unduly prolong this opinion.

For the reasons noted, the judgment of the trial court sustaining the demurrers to the plaintiffs' petition and dismissing the suit is reversed, and the cause is remanded.