ROY DURIAN ET AL V. J. E. CURL

No. A-5403. Decided January 25, 1956.
Rehearing overruled March 7, 1956.
(286 S.W. 2d Series, 929)

*Cox, Patterson & Freeland,* of McAllen, for petitioners.

The Court of Civil Appeals erred in holding that the burden of proof was upon Durian, the judgment debtor, to show that his judgment against respondent's wife alone may be satisfied by a levy upon the community property of said respondent Curl and his wife. Bevers v. Winfrey, 260 S.W. 627; Sneed v. Ellison, 116 S.W. 2d 864; writ dismissed; Holquin v. Villalobos, 212 S.W. 2d 498.

*Strickland, Wilkins, Hall & Mills,* of Mission, for respondent, Curl.

Community property is not liable for sale in satisfaction of personal judgment against respondent's wife. Austin v. Crim, 6 S.W. 2d 348; Shaw v. Finney, 75 S.E. 2d 152; Fairbanks v. Dennett Motor Sales Co., 56 S.W. 2d 474.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The judgment of the trial court, affirmed by the Court of Civil Appeals (279 S.W. 2d 616), enjoined our petitioner Durian, defendant below, from selling under execution the half interest of the plaintiff's wife, Bessie F. Curl, in certain community lands of herself and the plaintiff, J. E. Curl, who is our respondent. The execution was so worded as to reach only the

wife's interest, and was issued under a valid and final summary money judgment of the District Court of Hidalgo County in cause No. B-17698 against Mrs. Curl and in favor of our petitioner, Durian.

The ground for restraining the execution is that the judgment runs against the wife alone, is admittedly not for necessaries and is not shown to rest on a joint contract of the spouses that would bind the community estate, which consisted of assets other than personal earnings of the wife or proceeds of income from her separate property. See Arts. 4620, 4621, 4623, 4624, Vernon's Tex. Civ. Stats. Ann., infra.

Relevant portions of the summary judgment in cause No. B-17698 are quoted in the margin.[1] The Iowa judgment therein referred to, which was rendered in 1949 in favor of the petitioner-defendant against Mrs. Curl, had formed part of his motion and affidavit for summary judgment and, along with the latter documents, was put in evidence by him in the instant case, over the objection of the respondent-plaintiff. The recitals of the Iowa judgment furnish the only reference in the instant record to the original cause of action against Mrs. Curl. They show the judgment to rest upon a still earlier judgment (1936) of the same state against her and in favor of an assignor of the petitioner-defendant and state merely that both judgments are based "* * * on the debt of the original note signed by defendant, Bessie F. Curl, *and her husband, J. E. Curl,* dated August 21, 1930 * * *" (Emphasis supplied.)

The 1949 Iowa judgment, as put in evidence, was not properly authenticated under the governing federal statute, U.S.C.A., Title 28, Sec. 1738, the seal of the court having evidently been omitted by oversight, but the only objection made to its introduction was that it, and particularly its above-mentioned recitals, were incompetent and irrelevant as to the respondent-

---

[1]"* * * the above entitled and numbered cause, wherein Roy Durian is Plaintiff and Bessie F. Curl and J. E. Curl are Defendants, came the parties plaintiff and defendants * * *. And on * * * came on to be heard the respective Motions of the parties for judgment, * * *. And it appearing to the Court that Plaintiff's suit is based upon a judgment of the State of Iowa, * * * entitled to full faith and credit in this State, and that such judgment is in favor of the Plaintiff, Roy Durian, and against the Defendant, Bessie F. Curl. It is accordingly ORDERED * * * * that Plaintiff, Roy Durian, do have and recover of and against the Defendant, Bessie F. Curl, the sum of * * *, for which let execution issue; and it appearing that the Defendant, J. E. Curl, was joined in this suit pro forma, as required by law, it is further ORDERED * * * that plaintiff take nothing as to said Defendant, J. E. Curl, and that he go hence with his costs without day. To which action and judgment, the Defendant, Bessie F. Curl, excepted and gave notice of appeal * * *."

plaintiff, who was not mentioned in it or in the 1936 judgment as a party to either proceeding. No jury being involved, the objections were "carried along with the case" by the trial judge, whose ultimate judgment enjoining the execution would seem equivalent to sustaining them on the ground of their incompetence as to the respondent-plaintiff.

The trial of the instant case proceeded as follows: The respondent-plaintiff introduced: (a) the judgment in cause No. B-17698 and the execution papers issued thereunder; (b) a bankruptcy discharge of the respondent-plaintiff effective shortly after the date of the above-mentioned note of himself and Mrs. Curl; (c) expert testimony: that in Iowa there are no laws similar to the Texas laws of community property, that the wife may there own property and contract freely in her own name but can thus bind only her own property except in the matter of necessaries, and that a wife and husband can there incur joint and several liability by executing a joint and several contract; (d) testimony of Mrs. Curl and the respondent-plaintiff to the effect that: Their marital domicile was in Iowa since their marriage in 1921 and until it was transferred to Texas in December, 1941, and they had no community estate until the latter time, which was long after execution of the above-mentioned note of August 21, 1930, and rendition of the original Iowa judgment against Mrs. Curl in 1936; the property levied on was acquired in Texas as community property but was not in whole or part the proceeds of earnings of Mrs. Curl or income from her separate estate, of which she had none.

The respondent-plaintiff rested following his introduction of the foregoing evidence, which was uncontradicted and unimpeached, and the trial was then concluded by the petitioner-defendant presenting as his only evidence his above-mentioned summary judgment motion and affidavit from cause B-17698, including the defectively authenticated copy of the 1949 Iowa judgment, with its recitals as to the preceding Iowa judgment and the 1930 note of Mrs. Curl and the respondent-plaintiff.

Articles 4620, 4621, 4623 and 4624, supra, are quoted in the margin.[2]

---

[2]"Art. 4620. The community property of the husband and wife shall be liable for their debts contracted during marriage, except in such cases as are specially excepted by law."

"Art. 4621. The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children unless the husband joins in the execution of the contract; provided, that her rights with reference to the community prop-

The Court of Civil Appeals, and evidently the trial court also, concluded that, although the respondent-plaintiff was seeking the extraordinary remedy of injunction, his evidence discharged his burden of proof, the petitioner-defendant having the burden, as execution creditor under a judgment (cause B-17698) running only against the wife, to show that the source of the judgment was a joint contract of the kind contemplated by the corresponding provision of Art. 4621, supra. The court further held that this latter burden was not sustained, even assuming the 1930 note of the spouses to be such a joint contract, and assuming the 1949 Iowa judgment to have been properly in evidence, since the mere recital of the note in the latter judgment was not competent proof of its existence, especially as to the respondent-plaintiff who was not a party to it. The court further held that the note, assuming it might properly be considered, was yet not such an obligation as is contemplated by Art. 4621, because the referenec in that statute to the husband's joinder in the wife's contract, means his joinder *as community manager*, which position the respondent-plaintiff obviously did not occupy in Iowa in 1930.

Our own analysis of the case is this: *Arguendo*, we may concede validity to the view of the respondent-plaintiff that the note could not properly be considered. Even so, we have a Texas judgment against his wife and an execution thereunder which he seeks to enjoin merely by showing that the former runs against his wife alone, and that the latter is directed against her half of the community property, which was not the product of her earnings or of income from her separate estate. We do not agree that this throws a burden on the judgment creditor to go forward with proof that the underlying cause of action was upon a joint contract of the spouses within the purview of

---

erty on permanent abandonment by the husband shall not be affected by this provision."

"Art. 4623. Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

"Art. 4624. Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff."

Art. 4621, supra. We think, rather, that, since the judgment in cause B-17698 obviously *might* have been upon a contract of the kind contemplated by Art. 4621, supra, the respondent-plaintiff should at least not be afforded the drastic remedy of an injunction without proof—which was certainly within the knowledge of his wife, who testified for him on other points—that the debt behind the judgment was not one in which he had joined. To let him, who could readily prove the true facts, invoke equitable aid on a mere presumption that the judgment (B-17698) against his wife was not of a kind to bind the community seems overly generous to him.

It is doubtless true, as the court below suggests, that ordinarily a Texas judgment against the wife alone is not one on a contract in which the husband has joined. On the other hand, and although the community presumption of Art. 4619, Vernon's Tex. Civ. Stats. Ann., relates to assets rather than debts and the reference in Art. 4620, supra, to "their debts contracted during marriage" does not speak in similar terms of presumption, we are yet accustomed to associate with the community all debts as well as assets that accrue during the marriage. If the burden which the court shifts from the plaintiff to the defendant be, as it says, not overly heavy on the latter, it would yet seem at least equally light and equally consistent with traditional concepts, if placed on the plaintiff, who has the general burden of proof.

Of the decisions cited to uphold the view below, that of Straus v. Shamblin, 120 S.W. 2d 598, by the Amarillo Court of Civil Appeals (appl. for wr. of er. dism.) seems closest in point. It was a land suit, in which the plaintiffs Shamblin proved a prima facie title by a deed to them from the common source of the community lands in question, the defendants then introducing a judgment against *Mrs*. Shamblin and an execution and sale thereunder, but without evidence as to the nature of the claim behind the judgment. It was held, not that the execution was presumptively invalid, but that it was not necessarily valid, and, the burden being on the defendant to rebut the plaintiffs' prima facie title by showing a valid execution sale, he had not discharged it. Paraphrasing the Shamblin opinion, the plaintiff in the instant case, who undoubtedly has the general burden to show that the execution is unauthorized, makes only a showing that it *might not* be authorized. To hold that this is enough to warrant the injunction is to go further than the Straus case went. What is really held is that since the judgment runs only against the wife, the execution was presumptively invalid. Even

if it be true that the title of the petitioner-defendant under his execution sale would not have availed him in the statutory proceeding of trespass to try title, either as defendant or plaintiff, without proof that the source of the judgment was such as to bind the community, it does not follow that in a nonstatutory kind of proceeding such as the present, with the burden of proof resting throughout on the respondent-plaintiff, the latter must prevail. In the instant case the petitioner-defendant should not have the burden of going forward with evidence, unless the execution is presumptively invalid, which we see no sufficient reason to hold that it is.

Since the proof does not show the execution to be invalid or presumptively so, the injunction against it cannot stand, and it was error to hold otherwise.

Since by the respondent-plaintiff's own contention the note recited to be the cause of action underlying the judgment in cause No. B-17698 was not before the court, we do not have to decide the further question of whether it was the kind of joint contract contemplated by Art. 4621, supra. We simply have a case in which the respondent-plaintiff had to prove an execution invalid or presumptively invalid and failed to do so.

The judgments below are reversed, and judgment is here rendered that the respondent-plaintiff, Curl, take nothing.

Opinion delivered January 25, 1956.

Rehearing overruled March 7, 1956.