Moises FLORES and wife, Rosie Flores, Appellants,

v.

R. E. BAILEY, Sheriff of El Paso County, Appellee.

No. 5417.

Court of Civil Appeals of Texas.

El Paso.

Oct. 12, 1960.

Rehearing Denied Dec. 21, 1960.

474

Hugh J. McGovern, El Paso, for appellants.

Potash, Cameron, Potash & Bernat, El Paso, for appellee.

FRASER, Justice.

This is an appeal from a summary judgment dissolving a temporary restraining order which had theretofore been issued by the Thirty-fourth District Court of El Paso County, Texas. The restraining order enjoined and restrained the Sheriff from selling a part of a piece of land described as Lot 16–A, Block A, Patterson Subdivision to the City of El Paso, by virtue of an order of sale ordering the Sheriff to sell the community interest of Rosie Flores in said lot.

The facts are as follows: In 1953, Moises Flores and wife, Rosie Flores, appellants herein, executed and delivered a promissory note for the sum of $5,000 to one Joe Wardy. In 1955, Mr. Wardy took judgment by default against both parties on the note. In 1957, Moises Flores was given his discharge in bankruptcy in the United States District Court at El Paso, which action canceled his indebtedness on the note. In 1958, the said lot was deeded to Moises Flores. Subsequently, Mr. Wardy had the order of sale issue on the said lot, based on the 1955 judgment, from which Rosie Flores, wife of Moises Flores, had not been discharged or released.

Appellant maintains that the trial court was in error in holding that the community interest of the wife, Rosie Flores, in the said lot—which was community property—was subject to execution for payment of the above-mentioned judgment.

We believe that this controversy is controlled and disposed of by the Supreme Court, in its decision in the case of Durian et al. v. Curl, 155 Tex. 377, 286 S.W.2d 929, 930. In this opinion, the Supreme Court, speaking through Justice Garwood, disposes of a case which seems to us to be identical with the case before us. In the Durian case, both the trial court and the court of civil appeals had enjoined Durian from selling, under execution, the half interest of plaintiff's wife in community lands. These holdings were reversed by the Supreme Court. The opinion states:

"The execution was so worded as to reach only the wife's interest, and was issued under a valid and final summary money judgment of the District Court of Hidalgo County in cause No. B–17698 against Mrs. Curl and in favor of our petitioner, Durian."

The Court further says:

"The ground for restraining the execution is that the judgment runs against the wife alone, is admittedly not for necessaries and is not shown to rest on a joint contract of the spouses * * *."

In the case before us, we have a judgment based on a note signed by *both* spouses, which judgment has long since become final against Mrs. Rosie Flores and seems to come under the provisions of Article 4621, Vernon's Ann.Tex.Civ.St. In the Durian case, as in the instant case, the husband had obtained a discharge in bankruptcy, and the community property was acquired subsequently thereto, as is the case here. Justice Garwood pointed out, in the Durian case, that the burden of proof is always on the plaintiff; and, of course, he who seeks an injunction is a plaintiff. He makes it clear that the burden is not on the defendant seeking to have the execution enforced to prove the nature or facts of the controversy, where a valid judgment exists and an execution or order of sale, valid on its fact, has been issued. The Durian case is very careful to point out that the mere fact that the execution might, for some reason, be unauthorized, does not change or alter the burden of proof, and says:

"In the instant case the petitioner-defendant should not have the burden of going forward with evidence, unless the execution is presumptively invalid, which we see no sufficient reason to hold that it is. Since the proof does not show the execution to be invalid or presumptively so, the injunction against it cannot stand and it was error to hold otherwise."

In conclusion, then, the Supreme Court says this (which we think applies to the case before us):

"We simply have a case in which the respondent-plaintiff had to prove an execution invalid or presumptively invalid and failed to do so."

The Supreme Court also cited the case of Straus v. Shamblin, Tex.Civ.App., 120 S.W.2d 598.

In the case before us, there is nothing in the record to show anything invalid, or presumptively invalid, about the execution or order of sale. Mrs. Rosie Flores did not raise the matter of her coverture at the time of the trial, and the judgment against her is now valid. The judgment being valid and final, we have before us an attack only on an effort to enforce the judgment against Mrs. Rosie Flores' half of the community real estate. Having found no proof in the record to create any presumption that such order of sale, or execution, is invalid, we are therefore constrained to hold that this case is controlled by the findings and provisions of Durian v. Curl, cited above.

Our attention has been called to the case of Matthews v. First State Bank, Tex.Civ. App., 312 S.W.2d 571. However, we believe this case is not helpful here, as the court merely points out that the debt there involved cannot be collected out of the separate estate of the wife; whereas, in the instant case, it is the wife's part, or interest, in the community property that is sought to be taken, and it is not represented as being her separate or personal estate.

Appellant's fourth point argues that the husband is the manager of the community property, and therefore discharged the same by taking bankruptcy. We do not believe this point can be sustained, and find no Texas cases directly in point. We must again point out that Article 4621 states:

"The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, *unless the husband joins in the execution of the contract; * * *."* (Emphasis ours).

For the reasons stated above, we believe the trial court's disposition of this matter was correct. The appellants' points are therefore all overruled, and the decision of the trial court affirmed.